JENNY et al. v. LACY et al.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1899.)

1. FINDINGS OF REFEREE—REVIEW.

An allowance for professional services, made to an attorney for an executor by a referee, will not be disturbed where the evidence upholds the conclusion reached.

2. ATTORNEY—ACTION FOR SERVICES—EVIDENCE.

It is not error to permit a witness, who has been an associate counsel in a case from its commencement, to testify to the value of the services rendered, as of his own knowledge, where no step of importance in connection with the case was taken without consultation with him, though he was not present in court during the actual taking of the testimony.

Appeal from trial term, Onondaga county.

Action by Edwin S. Jenny and another against Henry Lacy and others to recover for services as attorneys for an executor. From a judgment in favor of plaintiffs, entered on a referee's report, defendants appealed. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

L. B. Williams, for appellant administrators.
Raymond Cobb, for appellant Lacy.
A. D. Jenny, for respondents.

SPRING, J. Lucius Gleason died in January, 1893, leaving a last will and testament, which did not dispose of any of his property,

but simply appointed the defendant Lacy his executor, with authority to sell the real estate of the testator. The will was admitted to probate January 27, 1893, by the surrogate of Onondaga county, and letters testamentary were issued to the executor, who continued to fulfill the duties of his trust until his removal, September 5, 1896. The estate left by the testator was a large one, amounting, after the payment of his debts, to over half a million dollars, and considerable litigation was carried on, necessarily, on behalf of the executor, some of which was pending at the time of Gleason's death. The firm represented by the plaintiffs in this action were the attorneys for the executor, as they had been of the testator in his lifetime. A proceeding was commenced in the surrogate's court to revoke the will of Gleason, and running along parallel with this was a proceeding in that court to remove the executor. The will contest was protracted, and the question of the testator's mental capacity was fully litigated in that proceeding. The trial continued, in actual attendance in court, something like 45 days. The testimony taken, when written out, covers nearly 5,000 typewritten pages, and the surrogate, in his allowance for costs, allowed for 70 days consumed in the trial. The contest was a bitter one, and the application to revoke the will was unsuccessful, although Lacy was removed from the executorship on the ground that his personal interests were opposed to his trust position. This action was brought against Lacy personally on the 21st of October, 1897. The action was brought to recover for services rendered by the plaintiffs as attorneys in the conduct and management of this estate. While their cause of action consisted of a large number of items, the chief one was for services rendered in connection with the proceedings for the revocation of the will of the testator. During the progress of the trial the defending administrators voluntarily appeared in the case, and, by distinguished counsel, participated in the defense. The reason for this action was that the administrators with the will annexed would be eventually called upon to pay any judgment recovered against Lacy, and it was deemed advisable to make the fight before the referee. A formal order was entered on the 23d day of April, 1898, permitting the administrators with the will annexed to be brought in as defendants. A large amount of testimony was taken, much of it directed to the services rendered, and the value thereof, on the proceeding to revoke the will. Mr. Jenny claimed that he spent in this protracted contest 250 days, and the referee allowed for these services $15,000. While this is a large counsel fee, yet the referee was justified by the evidence in making the allowance. The magnitude of the estate, the nature of the attack involving the testator's mental capacity, warranted the executor in employing able counsel and defending the case to the fullest limit possible. Several distinguished lawyers in the city of Syracuse estimated the value of these services fully up to the sum awarded by the referee. The case has received careful consideration from the referee, and is entirely one of fact, and the evidence certainly upholds the conclusion reached by him. There are two or three exceptions that are

much dwelt upon by the attorneys for the appellants, only one of which seems to require attention. When Mr. Marshall was upon the stand, he was questioned as to the value of the services in this case, and it is contended that he was permitted to testify as if he possessed personal knowledge which it is claimed is contrary to the facts. But a reading of the witness' testimony shows that he was in the case from its commencement, that no step of any importance was taken without consultation with him, and, while he was not present in court during the actual taking of the testimony, he did have the personal knowledge sufficient to make him competent. There was considerable sparring among the counsel on the trial for the purpose of determining whether Mr. Marshall's testimony was based upon absolute knowledge or merely upon hypothesis. Inasmuch as the record of the trial in surrogate's court and the briefs used were already in evidence, a proper basis was made for a hypothetical question, but at the close of this protracted discussion the witness stated that he based his answer, not upon any testimony given by the plaintiff Jenny, but wholly upon services rendered by himself, or in his presence, or over which he had carefully studied. A careful reading of this continuous tilt pertaining to the admissibility of this testimony vindicates the ruling of the referee.

Judgment affirmed, with costs against the appellants, to be paid by the administrators out of funds in their hands. All concur.