(109 App. Div. 884)

### LARKIN v. McNAMEE et al.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

COSTS—DISCRETION OF COURT—ACTION TO ANNUL PROBATE.

Code Civ. Proc. § 3228, provides that plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor in an action in which a claim of title to real property arises upon the pleadings. Section 3229 provides that defendant shall have costs in case plaintiff is not entitled thereto in the cases enumerated in the preceding section. Section 3230 provides that, except as prescribed in the two preceding sections, the court, upon the rendering of final judgment, may in its discretion award costs to any party. Section 2653a authorizes the institution of an action to annul the probate of a will, and requires the issue of the pleadings in such actions to be confined to the question whether the writing produced is or is not the last will of testator. *Held*, that an action to annul the probate of a will is not, although testator's property

includes real estate the title to which will be affected by the results of the action, an action in which a claim of title to real property arises upon the pleadings, within the meaning of section 3228, and consequently the award·of costs is discretionary, and the successful party to the action is not entitled to costs as of right.

Appeal from Trial Term, Kings County.

Action by Patrick Larkin against John McNamee, as executor of Edward Gorman, deceased, and others. From a part of the judgment rendered, and from an order directing the payment of costs to various parties out of the fund in his hands, defendant executor appeals. Affirmed.

. Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Herbert T. Ketcham (Joseph E. Owens, on the brief), for appellant. John R. Kuhn, for respondent.

HOOKER, J. In this action, brought pursuant to the provisions of section 2653a of the Code of Civil Procedure, the plaintiff seeks to have declared invalid the probate of the will of Edward Gorman, deceased. The trial resulted in a judgment declaring the paper writing produced to be his valid last will and testament, and that all parties to the action, and all persons claiming under them subsequent to the commencement of the action, be forever restrained from bringing or maintaining a defense in any action or proceeding based upon the claim that such writing is not the last will and testament of the deceased. The judgment also provided for the payment of costs to the plaintiff, to the defendant executor, and to the defendant Rooney, guardian ad litem of Margaret Burns, an infant, out of the funds in the hands of the defendant executor, as such. The executor appeals from so much of the judgment as adjudges that any of the parties be paid costs and allowances out of the funds in his hands.

There are two forms of action in which costs are to be taken under the Code. In one they belong, of course, to the prevailing party; in the other they may or may not be allowed, in the discretion of the court. Sections 3228, 3229, and 3230 of the Code of Civil Procedure seem to be the only provisions affecting the questions presented. Section 3228 prescribes the cases in which the plaintiff is entitled to costs of course; section 3229 provides that the defendant shall have costs in case the plaintiff be not entitled thereto in the cases enumerated in the preceding section; and section 3230 provides that, except as prescribed in the last two sections, the court may, upon the rendering of the final judgment. in its discretion, award costs to any party. The inquiry is: Does this action fall within any one of the classes described in section 3228? If so, the defendant as the prevailing party is entitled to costs, and no other party may have costs or allowances, either of course or by the discretionary award of the court.

The only part of section 3228 which has any bearing upon the question presented by this appeal provides that the plaintiff is entitled to costs of course, upon the rendering of a final judgment in his favor in "an action, triable by a jury, to recover real property, or an

interest in real property, or in which a claim of title to real property arises upon the pleadings, or is certified to have come in question upon the trial." If this is an action to recover an interest in real property, or one "in which a claim of title to real property arises upon the pleadings," as those clauses are used in the Code, the defendant, being the successful party, is entitled to costs of course.

The character, scope, and purpose of an action brought under section 2653a of the Code are fully defined and limited by the words of the section itself. It is an action to determine the validity or invalidity of the probate of a will, and may be brought by any person interested as devisee, legatee, or otherwise, in the will or codicil, or by any person interested as heir at law, next of kin, or otherwise, in any estate any portion of which is affected by the will or codicil. The issue of the pleadings in such actions must be confined to the question of whether the writing produced is or is not the last will and codicil of the testator, or either. It must be apparent, therefore, that this is not an action to recover real property or an interest therein, or in which a claim of title thereto arises upon the pleadings, as those words are evidently used in section 3228. The question of title to real estate is a mere incident to the action, and the judgment will determine questions which may or may not affect title to real property, according as the estate affected or purporting to be affected by the will embraces real property or is made up of personalty alone. While upon the pleadings in this case it is apparent that the plaintiff claims interests of certain of the defendants, and while, incidentally, title to certain real estate is involved and may be affected by the judgment, yet an issue in respect thereto does not arise upon the pleadings; for by the express language of the statute the issue in such an action is confined to the question, whether or no the writing produced is the will of the testator.

The adoption of this construction is to be favored, because it makes for consistency in awards of costs in actions of this character. Had there been no real property in the estate of the testator, it could not, of course, have been claimed in any view that the action was one to recover real property, or in which a claim of real property might have arisen on the pleadings, and there could have been no claim that the action fell within the purview of section 3228 of the Code, with the result that costs are in the discretion of the court. It would be anomalous and to be deprecated if in one action brought pursuant to section 2653a of the Code where the res of the estate happened to be realty alone, costs were awarded of course, while in an action in which the parties, procedure, and issues were exactly similar, and which happened to affect the will of a testator who left nothing but personalty, the costs should be in discretion.

Our conclusion is that an action of this character falls within the provisions of section 3230 of the Code, by reason of its exclusion from the provisions of section 3228; and hence the costs were in discretion, and that part of the judgment appealed from by the defendant executor may not be disturbed.

The verdict upon which the judgment was entered was directed by the court at the close of the evidence, and the plaintiff has appealed

from the judgment and from an order denying a motion for a new trial. We have examined the questions presented by his appeal, and are of opinion that the judgment is likewise right in respect thereto.

The judgment in its entirety must therefore be affirmed, without costs. All concur.