CASE 86—PETITION EQUITY—OCTOBER 16.

# Taylor, &c., v. Minor, &c.

### APPEAL FROM MARION CIRCUIT COURT.

1. COSTS OF CONTEST OF WILL.—The successful contestant of a will is
   not entitled to have the extraordinary costs of the contest paid out
   of the estate where the contest was for his benefit alone, the portions
   of the other heirs being diminished by the rejection of the will.

· 2. SAME.—Where the nominated executor in a will, in good faith and
   upon reasonable grounds, has endeavored to probate it, he is entitled
   to have any extraordinary expense, such as his attorney's fees and
   other incidental costs, paid out of the estate, although the will was
   rejected. But where one merely as devisee or as curatrix of the
   estate of a decedent attempts to set up a will, which is rejected, he is
   not entitled to have the expense of the litigation paid out of the
   estate.

3. COSTS OF SUIT TO SURCHARGE SETTLEMENT OF ADMINISTRATOR.—
   Where one of several distributees of an estate has succeeded in a suit
   to surcharge a settlement made by the administrator, and the correc-
   tion of the settlement has inured to the benefit of all the distributees,
   he is entitled to have his attorney's fees paid out of the estate. But
   the expenses of the administrator in defending such a suit having
   been incurred in endeavoring to protect his own interest, he is not
   entitled to have them paid out of the estate.

·4. INTEREST.—The curatrix of the estate of a decedent should not be
   charged with interest upon money of the estate which was in bank
   to her credit and ready for distribution pending a contest over the
   will of the decedent, if, in fact, she received no interest upon this
   portion of the estate during that period.

W. B. HARRISON FOR APPELLANTS.

1. The judgment in the will case is conclusive as to the costs of that liti-
   gation.

·2. The expenses allowed appellees in this case were incurred for their own
   personal benefit, and not to uphold, but to defeat the will. They
   should not, therefore, be paid out of the estate.

3. The curatrix ought not to pay interest on the funds while in bank,
   nor after she was ordered to collect and hold the same for distribu-
   tion, unless she received interest, or could reasonably have obtained it.

SAMUEL AVRITT FOR APPELLEES.

·1. The heirs were joint tenants, or tenants in common of the estate, and

those who reap the benefit of Minor's contest, must help to pay the expenses. These expenses embrace all reasonable attorneys and other incidental expenses *necessarily* incurred in the litigation. (Thirlwell v. Campbell, 11 Bush, 163.)

2. Appellant is not entitled to the allowance of the several items paid by her as attorney's fees for services rendered either in this case or in the will suit, as she was the principal devisee, and it was in behalf of her own private interest that she carried on the litigation.

. As to the duties of a curator, see Gen. Stats., chap. 39, art. 1, secs. 21 and 22.

3. The report and judgment are erroneous in not charging appellant with interest for the first two years on the amount of personalty in her hands.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

Bannister Taylor died in 1876, leaving a paper, purporting to be his will, executed in 1844. It devised his estate to his widow, the appellant, E. W. Taylor, for life, or during her widowhood; disinherited his daughter, the appellee, Martha Minor, who had married J. C. Minor; provided that his widow, as his other children married or arrived at age, should give to each of them one thousand dollars as an advancement; but if any one of them married against her will, such child should have no part of his estate, and that upon the death of his widow or her remarriage his estate should, save in the event above named, pass to his children, save Martha; but if they died without children, it was to pass to a certain educational institution, which was named in the will. It nominated two persons as executors, but they never qualified. He had but two children beside Martha, one of whom died before he did, and the other after, both leaving children.

Whether, therefore, the paper purporting to be his will was upheld or not, his estate passed to the same

persons, saving a difference in the rights of the widow, and also if the writing were maintained as his will, the portions of the devisees under it were increased by Martha being disinherited. After being probated in the county court, Minor and wife assailed it, taking an appeal to the circuit court, where, after four mistrials, a finding was, upon a fifth trial, had against it. Upon an appeal to this court the judgment was affirmed.

During the pendency of the litigation the appellant, E. W. Taylor, was appointed curatrix of the estate, and when it ended she qualified as administratrix. As such representative she made a settlement in the county court of her accounts as curatrix, and while that settlement does not appear as a part of this record, yet she appears to have been credited in it with extraordinary costs or expenses incurred by her in the will litigation, such as moneys paid to an expert witness and lawyers' fees.

Minor and wife obtained a judgment in the will litigation for their ordinary cost, and collected it. Shortly after the ending of that litigation Minor and wife brought this action against the widow and other heirs, seeking to surcharge and correct the settlement made by Mrs. Taylor in the county court, and for a settlement and division of the estate. In it they also claimed reimbursement out of the estate for the extraordinary expenses they had incurred in the previous litigation. This included the fees of their attorneys; money paid to a distinguished physician as an expert witness; the cost of a continuance by them in that suit, and for which a judgment had been rendered

therein; the charge of a person for taking down the evidence upon the various trials; also the amount of their personal expenses in attending to the litigation, such as hotel bills, &c.

Upon the other hand, the appellant, Mrs. Taylor, while she denied the right of Minor and wife to recover these claims out of the general estate, claimed that she was entitled out of it to the extraordinary costs she had incurred in the will litigation, such as her attorneys' fees and money paid by her to another expert witness. The case was referred to a commissioner, who reported in favor of allowing all these claims, and the court, by the judgments now complained of, allowed them all out of the estate, and both sides are now complaining, the one by an appeal and the other by a cross appeal.

The court also allowed an attorney's fee to each side in this case, to be paid out of the estate.

Various other grounds of complaint are presented by each side, but those above named are the ones mainly urged, and the most of the others will go unnoticed as unnecessary for our consideration.

It is claimed upon the side of the appellees that section 15, chapter 23, of the General Statutes, page 311, authorizes the allowance to them of their extraordinary expenses incurred in the will litigation. It provides: "In actions for the settlement of estates, or for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common, if it shall be made to appear that one or more of the legatees, devisees, distributees or parties in interest have prosecuted for the benefit of others interested with

themselves, and have been at trouble and expense in conducting the same, it shall be the duty of the court to allow such person or persons reasonable compensation for such trouble, and for necessary expenses, in addition to the fees and costs; said allowance to be paid out of the funds recovered before distribution, the persons interested having notice of the application for such allowance."

In our opinion, however, this provision does not embrace a case like this one. Where, however, one person has prosecuted an action at extra expense and trouble, and the recovery inures equally to the benefit of others, the chancellor may, in the exercise of his power to compel parties to do equity, require them, as a condition of sharing in it, to contribute their proper proportion of the expense, and may order it paid out of the common fund.

It is manifest, however, that such a case is not now presented. The will litigation was for the benefit of Mrs. Minor. Her success diminished the portions of the devisees named in the will, and their portions as heirs should not, therefore, be diminished by the payment of these extra expenses out of the estate, which were incurred for the benefit of Mrs. Minor alone.

Upon the other hand, the appellant, Mrs. Taylor, was merely a devisee and the curatrix. In the latter capacity it was her duty to collect and preserve the estate merely. She had no power as such to employ counsel in the attempt to set up a will and charge the estate with the expense. (Gen. Stats., chapter 39, art. 1, sec. 21.)

If she did so as a devisee, then equally she has no
right to charge the estate, and this is true of any
extraordinary expense or trouble incurred by her in
that litigation, and it was error to make any allow-
ance therefor out of the estate.   If she had been
nominated as executrix by the will, and in good
faith and upon reasonable grounds had endeavored
to probate it, thus complying with what the testator
may be regarded as having asked, she would have
been entitled to any extraordinary expense, such as
her attorney's fee and other incidental costs, attend-
ing such an effort; but only to this extent has this
court gone, and it is far enough in our opinion.
(Phillips' Ex'r v. Phillips' Adm'r, 81 Ky., 328.)

The allowance of a fee to the attorney of the ap-
pellees, Minor and wife, in this suit was proper.   Mrs.
Minor, by the breaking of the so-called will, had be-
come a distributee of the estate.   She, therefore, had
a right to sue for its settlement, and in doing so to
surcharge and correct the settlement which the admin-
istratrix had made of her accounts as curatrix.   As
it credited her by the extraordinary expenses incurred
by her in the will litigation, it was erroneous; and
this being so, we fail to see upon what ground an
allowance should be made to Mrs. Taylor out of the
estate to pay the fee of her attorney in this action.
The distributee was not in fault in seeking to cor-
rect the settlement, and this expense upon the part
of Mrs. Taylor has been incurred in endeavoring to
uphold it and protect her own individual interest.
While we doubt not she has acted throughout in
good faith, yet this does not permit us to stretch the

rule in her favor to such an extent as would generally prove unjust, and, indeed, be so in this instance.

This appeal is not so taken as to parties that we can consider any question of overpayment to any of the heirs. Mrs. Taylor was given a credit in her county court settlement for insolvent debts of the estate; and in making up the account in this suit she appears to have been charged only with the balance found owing upon that settlement. She was properly credited as to the Purdem debt owing to the estate, as the testimony shows that the obligors were, until the time of their failure, generally regarded as solvent.

It does not clearly appear from this record whether Mrs. Taylor has or has not been credited by all the taxes paid by her for the estate. The chancellor will, upon the return of the cause, re-examine the case, and in the future judgment allow any not heretofore credited. As curatrix she could not tell when the will litigation would end. She could not know when she would be called upon to settle her accounts. She should, of course, be made to account, however, for any and all interest upon the funds of the estate which she in fact collected. She has been charged interest upon the money from two years after her qualification as curatrix. It appears that for a time a portion of the estate was in bank to her credit, and ready for distribution if the litigation had come to an end, and it had been ordered. If, during this period, she received no interest upon this portion of the estate, and she does not appear to have done so, it would not be equitable to charge her with it, and in the com-

putation of interest against her she should have credit to this extent.

We perceive no errors which we can consider as between the parties to this appeal, save as above indicated. Upon a return of the cause the lower court will correct its proceedings as herein indicated, calling to its aid its commissioner, if it sees proper to do so, and the judgments appealed from are reversed upon both the main and cross appeals, and cause remanded. for further proceedings consistent with this opinion.