CASE 61.—ACTION BY THOMAS F. COLEMAN AGAINST THE
TRUSTEES OF THE "HOME FOR POOR CATHOLIC
MEN" UNDER THE WILL OF JOHN D. O'LEARY,
AND AGAINST THE EXECUTOR OF J. C. AMISS
AND OTHERS.—March 29.

## Trustees of Home for Poor Catholic Men v. Coleman. Coleman v. Amiss' Exr.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

STERLING B. TONEY, Judge.

From a judgment for costs against the trustees they appeal, and from a judgment in favor of the executor the plaintiff appeals. Reversed on appeal of trustees and affirmed on appeal of plaintiff.

1. Wills—Costs—Attorney's Fees—Suit to Invalidate a Charity—
Under the statute of this State regulating the allowance of
costs and attorney fees, it is not proper for the court to
make a successful litigant, though it be trustees of a charity,
pay the attorney fees and costs of a plaintiff who was
endeavoring to destroy the charity (not to establish it), by
an action to recover the corpus of the trust fund and appro-
priate it to his own use.

2. Executors—Payment of Devise—Validity—Under section 3848,
Ky. Stats., providing that "when the will under which the
executor acted shall be declared invalid, x x x lawful acts
done by such executor shall remain valid and effectual," an
act done or money paid by the executor as directed by the
will, until it is set aside, is lawful in the meaning of the
statute. In other words it means any act done which would
have been lawful if the will had not been invalidated, is to
be treated as lawful when done before it is invalidated.

3. Same—Suit to Invalidate Devise—Laches—Where an executor
of a will was ordered by the court to pay a devise, which he
then paid, the fact that by an amended pleading filed nine
years later, the devise was held to be invalid, the executor
having no notice of any intention to question the validity of

Trustees of Home for Poor Catholic Men v. Coleman.

the bequest or the payment of it, the action is barred by laches.

P. B. MUIR for appellant' trustees.

### CLASSIFICATION OF POINTS AND AUTHORITIES.

### AUTHORITIES.

### Kentucky Cases.

Attorney General v. Wallace, 7 Ben. Mon., 621; Thirlwell v. Campbell, 11 Bush, 164-166; Urey's Adm'r v. Urey's Exor., 86 Ky., 366; Taylor v. Minor, 90 Ky., 549; Fristoe v. Gillen, decided by Judge Nunn, May 20, 1904; Law Rep. for July 15, 1904, p. 151; Abert v. Taylor, 18 Ky. Law Rep., 615; Bailey v. Barkley, 22 Ky. Law Rep. 1246;

The foregoing cases show the aversion of this court to depart from the general and sound rule that each litigant, in contested cases, must pay his own counsel fees.

### CHARITY CASES.

The charity cases in this State embrace a period of sixty-nine years, beginning with the case of Gass & Bonta v. Wilhite, decided by Judge Nicholas in 1834, and ending with the case of Thompson's Exor. v. Brown, decided by Chief Justice Burnam in June, 1903, and reported in 25th Law Reporter, p. 371.

In not one of these cases were costs or counsel fees allowed by this court to the unsuccessful heirs. The judgment of the lower court, so far as this appeal goes, is without a single precedent in Kentucky. In none of the Kentucky cases was such a claim even asserted. This is shown by the following cases, and for that purpose I cite them: (Gass & Bonta v. Wilhite, 2 Dana, 170; Moore v. Moore, 4 Dana, 366; Curling v. Curling, 8 Dana, 38; Chambers v. Bap. Edl. Soc., 1 B. Mon., 214; Att'y Gen'l v. Wallace, 7 B. Mon., 620; Cromie case, 3 Bush, 365; Peynado case, 82 Ky., 13; Leeds case, 82 Ky., 79; Kinney case, 86 Ky., 610; Penick case,.90 Ky., 668; Ford v. Ford, 91 Ky., 672 Givens v. Shouse, 5 Ky. Law Rep., 419; Tichenor v. Brewer, 17 Ky. Law Rep., 936; Bedford v. Bedford, 18 Ky. Law Rep., 193; Crawford v. Thomas, 21 Ky. Law Rep., 1100; Spaulding's heirs v. Brown, 25 Ky. Law Rep., 371.

In the Spaulding case the question could not have arisen as the heirs were successful and took the entire estate. The

vol. 122—35.

trustees were allowed their expenses and compensation for their services, which of course included costs and counsel fees, which were fixed by the lower court. This was in perfect accord with universal precedent and authority in England and in all the American states. Faithful trustees, executors and guardians are always allowed all their necessary expenses.

## NEW YORK CASES.

There is no such thing in this country as the taxation of "costs as between solicitor and client." It is not in the power of courts, certainly without express legislative authority, to order one litigant to pay the costs or counsel fees of his adversary litigant. At the common law costs were not allowed to either party, in any case. Parliament changed the rule and the subject of costs is now and long has been regulated in England by acts of Parliament, and in this country by the legislatures, state and national. The opinion of the Court of Appeals of New York by Judge Marvin is of exceptional learning and ability. It is conclusive. (Downing v. Marshall, 10 Tiffany, (37 N. Y.), 380).

I cite only the great and leading case; though the case of Rose v. Rose, 28 N. Y., is also able, though less elaborate. Other cases to the same effect follow; but they need not be cited.

## THE ENGLISH CASES

are not in harmony. It is now said by the elementary writers that there is no longer any fixed or general rule in England as to allowing counsel fees in charity cases and so some of the English cases hold. But the English courts invariably refuse to allow counsel fees or costs to any person who makes an "improper point" in his case. (Tudor's law of Charitable Trusts, 174; Tyssen on Charitable Bequests, 449; 2nd Perry on Trusts, sec. 748 and cases cited by him; Adams' Equity, 7 Edition, 391; Williamson v. Barbour, 14th Eq. cases, 99; O'Brien v. Tyssen, 28th Law Reports, Chy. Div., 372; Gaffney v. Hevy, 1st Drury & Walsh, 25).

Other English cases are cited in the brief, but as the old English practice has been abandoned at home we need not belabor it here.

. I rely chiefly upon the Kentucky cases which I have cited, the elementary authorities, common sense and the magnificent opinions of the New York Court of Appeals, more especially upon the great cases of Downing v. Marshall and Rose v. Rose, supra.

## NO CONTRACT FOR FEE ALLEGED OR PROVED.

(Doe v. Perkins, 8 B. Mon., '198; Schultz v. Morrison, 3 Metcalf, 98).

## JUDGMENT INEQUITABLE.

The judgment as to costs and counsel fees should be reversed, not only upon the authorities cited, but also on the facts. The suit was filed for personal gain and was hostile and injurious to the charity. It was a selfish appeal to the "litigious jurisdiction of the court." The claim is inequitable and without merit.

Adams Equity and other authorities already cited.

D. W. SANDERS and J. W. S. CLEMENTS for appellant Coleman.

## AUTHORITIES CITED ON INDEFINITE DEVISES ·

Grimes v. Harmon, 35 Ind. 198; Fifield v. Van Wyck, 94 Va., 557; Spalding v. St. J., Ind. S., 21 R., 1107; Cromie v. L. O. H. Society, 3 Bush, 374; Moore c. Moore, 4 Dana, 354; Johnson v. Johnson, 92 Tenn., 559; Rhodes v. Rhodes, 88 Tenn., 637; Bridges v. Pleasants, 4 Ired. (N. C.), 26; Gallego v. A. G., 3 Leigh (Va.), 450; Janey v. Latane, 4 Leigh (Va.), 327; Carter v. Wolf, 13 Gratt. (Va.), 301; Tilden v. Green, 130 N. Y., 29; Read v. Williams, 125 N. Y., 560; Beckman v. Bonsor, 23 N. Y., 298; Prichard v. Thompson, 95 N. Y., 380; Kent v. Dunham, 142 Mass., 216; Dublin case, 38 N. H., 459; Kelly v. Nickols, 21 At. R., 840; Yungling v. Miller (Md.), 26 At. R., 491; Dulaney v. Middleton (Md.), 19 At. R., 146; Hoffman Will (Wis.), 36 N. W., 407; Moore v. Carpenter, 19 Vt., 613; Dashiel v. Attorney-General, 5 Har. & John., 392; Lepage v. McNamara, 5 Iowa, 124; Garrison v. Little, 75 Ill. App., 75 Hun., 298; 66 N. W. R., 955 Mich.; 147 N. Y., 104; 92 Hun., 96; 27 S. E. R., 446 (W. Va.), and 389; 154 N. Y., 199; 73 N. W. R., 617 (Iowa); 46 N. Y. S., 1035; McHugh v. McCole, 12 N. W. R., 631 (Wis.); 72 N. W., 631 (Wis.); 19 N. J. Eq., 453; 5 Cranch, C. C., 632; 53 N. W. R. (Minn.), 648; Brennan v. Winkler (S. C.), 16 S. E. R., 190; Gambell v. Tripp, A. R. L.; 19 N. Y. S., 840; 19 N. S. R., 801; 26 N. E. R., 426; 26 N. E. R., 730; 44 N. W. R, 304; 7 N. Y. S., 861; Bristol v. Same, 53 Conn., 242; 64 Md., 333; 31 Minn., 173; 56 Md., 362; Kain v. Gibboney, 101 U. S.; A. G. v. Soule, 28 Mich., 153; 8 Md., 557; 31 Conn., 407; 24 Conn., 350; 22 Conn., 31, 54 and 55; 30 Conn., 113; 4 C. E. Green (N. J.), 255; 40 Wis., 29; Wheeler v. Smith, 9 How., 55; 3 Fed. Cas., 783; 17 How. (U. S.), 368. Masses: Festorazzi v. St. Jos. Cath. Ch., etc., 104 Ala., 327; Holland v.

Alcock, 16 N. E., 305 (N. Y.); Swartz Will, N. Y. S., 134; McHugh v. McCole, supra; Morrow v. McConville, L. R., Irish XI., 236; Dorrain v. Gilmore, L. R. Sr. XV., 69, and Dillon v. Reilly, I. R., 10 Eq., 152; Blundell's Will, 30 Beavan, 360; Attorney-General v. Dulaney, Irish, 10 Com. Law, 104. School Devise: Goodell v. Un. Ass., etc., 29 N. J. Eq., 32; Ky. Stat., Morehead & Brown, Stat. vol. 1, 308. As to one representing class: 17 B. M., 499; 4 Bush, 215; 8 B. M., 70, and 1 Bush, 307; Civil Code, sec. 25.

## ADDITIONAL AUTHORITIES.

Bonds, distribution and limitation: Ky. Stats. sections 3843, 3878-9 and 4711; 2514, 2522, 4851.

Effect of judgments: 12 Ky. Law Rep., 242, and J. R. 255; Jones v. Comonwealth, 78 Ky., 422.

Negligence of executor: H. T. Co. v. Stewart, 108 Ky., 167; Carrico v. Brunnewell, 5 Ky. Law Rep., 775; Red. on Wills, vol. 3, 562; Lowin on Trusts, chap. 4, sec. 6; Edmons v. Morrison, 5 Dan., 224; Clay v. Edwards, 84 Ky., 554; Blackwell v. Townsend, 91 Ky. 609; 90 Ky., 540; 93 Ky., 203; 101 Ky., 60; 107 Ky., 411; Mercer v. Glass, 15 Ky. Law Rep., 710.

Charity: Moore v. Moore, 4 Dana.

Finding of chancellor: Young v. Derrett, 1 Ky. Law Rep., 339; Davezac v. Seiler, 93 Ky., 418; Dawson v. Shafer, 15 Ky. Law Rep., 77; Davidson v. Morrison, 86 Ky., 293.

Law of costs in charity cases: Perry on Trusts, sec. 747 and 748; Adams Equity (1890) 391; Redfield on Wills, vol. 2, p. 556; Daniels Chan. Practice, vol. 2, p. 1512; Moggridge v. Shackwell 7 Veasey, 86; Gaffney 3, K. & J. 591; Ingraham v. Ingraham, 196 Ill., 432; W. U. M. Society v. Meade, 131 Ill., 338; McHugh v. McCole, 97 Wis. 163; Powers v. Judionine 61 Vt. 587; Webster v. Moris, 66 Wis., 366; Drew v. Wakefield 54 Me. 291; Abbott v. Bradstreet, 3 Allen 587; Perrin v, Applegate, 1 McCarter, 531; Collins v. Townley, 21 N. J. E., 353.

Costs in ordinary cases: Phillips v. Phillips, 81 Ky., 334; Gilbert v. Bartlett, 9 Bush, 55.

MONTGOMERY & RAY, for executor of C. J. Amiss, appellee.

### POINTS AND AUTHORITIES.

1. Appellant's petition should show whether he is suing on the implied contract of Amiss as trustee of undevised estate or on the excutor's bond. If he is suing on the bond, its terms have been complied with. (Barber v. Robertson's Heirs, 1 Littell,

93; Story's Eq. Jurisprudence, sec. 1208; Williams on Executors, 1263 to 1266; Am. and Eng. Ency. Law, vol. 11, pages 987, 988, 984-5-6; Schouler on Executors (3d Ed.), sec. 250, p. 342.

2. Duties and liabilities of an executor. (Am. and Eng. Ency. Law, vol. 11, p. 904, 971; Schouler on Executors, (3d Ed.), sec. 382, 384, 476; Williams on Executors (4th Am. Ed.), p. 1528-9, 1530; Ky. Stats., 3848; Parker v. Cowell, 16 New Ham., 149; Woods, Adm'r v. Nelson, 9 B. Monr. 605; Jones Adm'r v. Jones, 14 B. Monr., 464; Crow's Adm'r v. Crow, 14 B. Monr., 476; Fergu son's Assignee v. Yard, 164, Penn. Stat., 586; LeBaron v. Fauntelroy, 2 Fla., 276; Macey's Executor v. Fenwich, 4 B. Monr. 309).

3. A denial of an order or judgment, etc., must be specific. (Small v. Reevs, 76 Sou. West. Rep., 395).

4. Order of court protects executor. (Schouler on Ex'ors (3rd ed.), sec. 233, 519; Am. & Eng. Ency. Law, vol. 11, p. 1174; Fraser's Ex'or v. Page, 82, Ky., 73; Vandergrift's Adm'r. v. Cone, 18 Ky. Law Rep., 454; Stewart's Appeal, 86 Pa., 149; Charleston's Appeal, 88 Pa., 476; Story v. Story, 22 Ky. Law Rep., 1731, 1869; Ferguson v. Yard, 164 Pa. Stat., 586; Poag v. Carroll, Dudley's L. & Eq. Rep. (S. Car.), 1; Bridges v. McAlister, 21 Ky. Law Rep. 428; Howard v. Maysville R. Co., 24 Ky. Law Rep., 1051).

5. This action barred by limitations. (Ky. Stat., sec. 2515; Robinson v. Elam, 90 Ky. 300; Stubbins v. Briggs, 24 Ky. Law Rep., 230; Blake v. Wolff, 105 Ky., 380). .

6. This action bared by laches. (tSory's Eq.. Juris., sec. 1520, and note 1520, a; Am. & Eng. Ency. Law, vol. 11 p. 1319; Richardson v. Chanslor, 103 Ky., 443; Blake v. Wolf, 105 Ky., 380; Stubbins v. Briggs, 24 Ky. Law Rep., 230).

OPINION OF THE COURT BY JUDGE PAYNTER.

The will of John D. O'Leary was probated May 19, 1893, by which he devised a large estate. C. J. Amiss was nominated and qualified as executor of the will. He instituted a suit September 25, 1893, in the chancery court for the settlement of the estate. The appellant, Coleman, and one Hays, on May 18, 1894, appealed from the order probating the will, and on their motion the appeal was dismissed June 1, 1896. The commissioner's report was filed October 30, 1896. The trustees of the Home for Poor Catholic Men

were the residuary legatees under O'Leary's will, and on November 20, 1896, the executor was ordered to pay the residuum to them. This action by the appellant, Coleman, was filed April 12, 1900. The appellant, Coleman, is an heir at law of the testator. By the petition he attacked the provisions of the will, and sought to have them set aside, and have the part of. the estate thus attempted to be devised remain as undevised estate. The bequests upon which attack is made are shown by the petition as follows: Paragraph No. 2 attacks the bequest to the Rev. James M. Hays for masses; paragraph No. 3 is an attack upon the bequest of $1,000 for masses, to be paid to Bishop McCloskey; paragraph No. 4 is an attack upon a bequest of $3,000 to Bishop McCloskey in trust for the parish poor schools of Louisville; paragraph No. 5 is an attack upon a bequest of $3,000 to the bishop of Cork, Ireland, for general charity in his discretion; paragraph No. 6 is an attack upon the residuary devise to establish a ''Home for Poor Catholic Men;'' paragraph No. 7 is an attack upon a devise of land to the Jesuit order. The court below held that the various provisions of the will to which we have alluded were valid. An appeal was prosecuted to this court which delivered an opinion sustaining the various devises, except the bequest to the bishop of Cork, and the devise of the land to the Jesuit order. On the return of the case, upon the motion of the appellant he was allowed one-half of his costs and $1,500 as attorney fees for prosecuting the action, and the trustees of the Home for Poor Catholic Men were ordered to pay them. The trustees have appealed from that order.

The trustees of the Home for Poor Catholic Men

have no interest whatever in the controversy between the beneficiaries of other devises and bequests to which we have referred, because if they had all been declared invalid, the sums bequeathed and property devised would not have been part of the residuum. Under section 4843, Ky. Stats. 1903, the property thus attempted to be disposed of would have become a part of the estate of that testator for distribution among his heirs. The bequests had been paid to the various persons named in the will, and the Home for Poor Catholic Men had been established for several years before this action was instituted. The appellant is presumed to and did know that the executor, Amiss, was proceeding to perform the duties imposed on him by the will. While plaintiff claims that the action was for the construction of the will, it was in effect an action to recover the various amounts we have mentioned, and the property we have described. Another reason why it has the characteristics of an action to recover property is that the various bequests had been paid to the beneficiaries and the property had been delivered to the persons to whom it had been devised. It seems to us that it would be most inequitable to compel the trustees to pay the appellant's attorney fees and part of his costs to recover property in which they had not the slightest interest, and in no event under the law could it go to them. Had the appellant, Coleman, succeeded in invalidating the devise to the trustees of the Home for Poor Catholic Men, the utter destruction of the charity would have been accomplished. It seems to us that it would be most inequitable and unjust to compel the trustees of the Home for Poor Catholic Men to pay appellant's attorney fees and part of his costs in his effort to destroy the charity and to take

the property. Section 889, Ky. Stats. 1903, relates
to costs in various kinds of actions; it reads as fol-
lows: "The party succeeding in any ordinary action,
on the merits or otherwise, shall recover his costs,
unless differently provided in this chapter; if the
plaintiff shall succeed against part of the defendants,
and not against others, he shall recover his costs from
the former, and the latter shall recover their costs
against the plaintiff. In actions in equity, the party
succeeding on the merits or otherwise shall recover
his costs, except against nominal defendants; but
when the plaintiff succeeds against a part of the
defendants, he shall recover his costs against such
only. Defendants who are necessary nominal parties,
and against whom the complainant does not succeed,
shall not recover their costs; but each party shall be
decreed to pay his own costs. Defendants who are not
necessary parties shall recover their costs, but in
actions between parceners, tenants in common, joint
tenants, and for settling the distribution and division
of deceased person's estates, and to settle partner-
ships, and to settle or enforce trusts, courts shall
have a judicial discretion in regard to costs."

In construing this statute, and determining how
the costs and attorney's fees should be paid, this
court has never given it any construction which would
sustain the claim of the appellant. On the contrary,
the rule enunciated in them denies his right to
recover. The question as to attorney fees and costs
have been passed upon by this court in the following
cases: Thirlwell's Adm'r v. Campbell, 11 Bush, 164;
Urey's Adm'r v. Urey's Ex'r, 86 Ky. 366, 9 Ky. Law
Rep. 596, 5 S. W. 859; Taylor v. Minor, 90 Ky. 549,
12 Ky. Law Rep. 479, 14 S. W. 544; Fristoe v. Gillen,
80 S. W. 823, 26 Ky. Law Rep. 149; Abert v. Taylor,

etc., 37 S. W. 676, 18 Ky. Law Rep. 615; Bailey's Adm'r v. Barclay, 60 S. W. 377, 22 Ky. Law Rep. 1246. It is true that the court allowed counsel for fees to the trustees in Spalding v. St. Joseph Industrial School, 107 Ky. 382, 21 Ky. Law Rep. 1107, 54 S. W. 200, but that expense was incurred in defense of the trust fund and to carry out the wishes of the testator. In the consideration of this question we do not desire to follow counsel in an effort to ascertain the English rule in regard to the allowance of attorney fees and costs in charity cases. Under the statute of this State regulating the allowance of costs and attorney fees it is not proper for the court to make a successful litigant, though it be trustee of a charity, pay the attorney fees and costs of a plaintiff who was endeavoring to destroy the charity (not to establish it) by an action to recover the corpus of the trust fund and appropriate it to his use. There is not the slightest evidence that the trustees lack in capacity to manage the trust or that there has been any abuse of the trust; hence no occasion for the interference of the court. Attorney General-v. Wallace's Devisees, 7 B. Mon. 621. The evidence shows that Coleman never even asked the trustees for the privilege of exercising any visitorial rights he may have; therefore there could not have been any refusal to permit him to exercise them. He had not spoken to the trustees since the death of the testator. The power and discretion was vested in the trustees to locate and manage the home. The manner of acquiring and transmission of the title to the property does not in the least degree reflect on the judgment or integrity of the trustees. The record shows that they have acted in the utmost good faith in the acquisition and management of the home.