FORT SMITH LUMBER COMPANY *v.* BAKER.

Opinion delivered April 3, 1916.

1. FRAUD AND DECEIT—SALE OF LAND—DAMAGES.—Where plaintiff purchased land from defendant because of certain representations, the measure of his damages was fixed when he first discovered the fraud on defendant's part.

2. FRAUD—PURCHASE OF LAND—FALSE REPRESENTATIONS.—A party who has been induced to enter into a contract for the purchase of property, by the false representations of the vendor concerning the quantity or quality of the property sold, may either annul the contract, and by returning, or offering to return the property purchased within a reasonable time, entitle himself to recover whatever he had paid upon the contract; or he may elect to retain the property, and sue for the damages which he has sustained.

3. FRAUD—PURCHASE OF LAND—DAMAGES.—Where the purchaser of land was induced to purchase the same by reason of fraudulent representations, and he elected to retain the land and sue the vendor for damages, the measure of damages is the difference between the real value of the property in its true condition, and the price at which he purchased it.

Appeal from Yell Circuit Court, Dardanelle District; *M. L. Davis,* Judge; reversed.

*J. E. Chambers,* for appellant.

The verdict is contrary to the law and evidence. The court erred in permitting plaintiff to recount his experiences in farming and in permitting the booklet to be

read as evidence. Also in permitting witnesses to testify that the lands were not suitable for general farming purposes and in giving and refusing instructions. There were no such representations. Appellee got what he wrote for—"fruit land." All the statements in the booklet were mere matters of opinion. 47 Ark. 148.

2. The principles of law in this case are well settled. The issues were not fairly presented to the jury. 11 Ark. 58; 47 *Id.* 148; 71 *Id.* 91.

The appellee, *pro se.*

1. There is no error in the instructions. They correctly state the law. 99 Ark. 438; 97 *Id.* 15; *Ib.* 265; 101 *Id.* 95; 104 *Id.* 388. If plaintiff was wilfully and knowingly deceived as to the quality of land and thereby injured he was entitled to recover. 99 Ark. 438; 97 *Id.* 265; 101 *Id.* 95; 104 *Id.* 388; 47 *Id.* 148.

2. The verdict is right and should stand. 87 Ark. 109; 79 *Id.* 608. Only the difference in value of the land and what it would have been worth had it been as represented was considered and allowed by the jury. There is no error.

HART, J. H. D. Baker sued the Fort Smith Lumber Company to recover damages which he alleges he sustained by reason of the defendant's false and fraudulent representations concerning forty acres of land which he purchased from it. The material facts are as follows:

The plaintiff lived in West Chester County in the State of New York. The defendant was a domestic corporation owning about 35,000 acres of cut-over lands in Yell and Perry counties in Arkansas, which it was advertising for sale. They advertised their land by an illustrated booklet entitled "The Up-Lands of Arkansas." It described in a general way all the lands owned by the defendant which they proposed to sell and also described other land situated in Yell County.

The pamphlet was gotten up in an attractive form and consisted of thirty-six pages of printed matter and of photographs. It stated that no exaggeration nor alluring details were included in their advertisement; that

simple, plain, unvarnished statements had been made throughout; that it was not necessary for the purchaser to see the land before entering into a contract for it; that the company had in its office a complete detailed report made by competent engineers and farming experts, giving full details of every forty acre tract, condition of the roads, the amount of timber, amount of waste land, elevations, springs, creeks, etc. The pamphlet also represented that the defendant would enter into a contract with purchasers to clear the land for $3 per acre, leaving firewood and timber for fence posts. It also contained a photograph of a house with a notation under it saying that the defendant would build a house similar to it for $150.

The plaintiff testified that he entered into correspondence with the defendant company and that it represented to him that the land was good farming land, and had a stream of water running through it; that it had a public road running by it; that he paid $480 for the forty acres of land in question and that a deed was executed to him before he ever saw the land; that he examined the land as soon as he came to Yell County and found that about one-half of it was situated on the side of a mountain and was too steep to be cultivated in fruit or anything else; that the balance of the land had no soil on it and was wholly unfit for farming purposes; that he went to the defendant and asked it to enter into a contract to clear his land and that the representatives of defendant declined to enter into a contract with him as advertised, saying that this proposition had been withdrawn before the deed to the land in question had ben executed; that he also asked the defendant company to construct him a house at the price stated in the circular and that it refused to do so.

On the part of the defendant it was shown that the lands were suitable for raising fruit and that the plaintiff had applied to them to purchase that character of land. Evidence was also adduced on the part of the defendant

tending to show that the land was worth the price the plaintiff paid for it.

The jury returned a verdict for the plaintiff in the sum of $400 and the defendant has appealed.

(1)   After the plaintiff arrived in Arkansas he went on the land and attempted to cultivate it for two years. In other words he waited two years after he had seen the land before he brought this suit.  He had the right to bring his action at any time within the period of time allowed by law but his measure of damages was fixed when he first discovered the fraud which he says had been perpetrated upon him.  According to his own testimony, as soon as he went upon the land he ascertained that there was no public road going to it and no stream of water on it.  He also saw that about one-half of the land was too steep to ever be cultivated and that the remaining one-half had no soil on it.

(2-3)   A party who has been induced to enter into a contract for the purchase of property by the false representations of the vendor concerning the quantity or quality of the property sold, may have either of these remedies which he conceives is most to his interest to adopt.  ''He may annul the contract, and by returning or offering to return the property purchased within a reasonable time entitle himself to recover whatever he had paid upon the contract, or, he may elect to retain the property and sue for the damages he has sustained by reason of the false and fraudulent representations, and in this event the measure of damages would be the difference between the real value of the property, in its true condition, and the price at which he purchased it; or, to avoid a circuity of action and a multiplicity of suits, he may plead such damages in an action for the purchase money, and is entitled to have the same recouped from the price he agreed to pay.''  *Matlock* v. *Reppy,* 47 Ark. 148.  In the present case the purchaser elected to retain the property and sue for the damages he sustained by reason of the alleged false and fraudulent representations of his vendor.  Therefore his measure of damages was

the difference between the real value of the property in its true condition and the price at which he purchased it.

Counsel for the defendant asked the court to instruct the jury on the measure of damages in accordance with the principles just announced but the court refused to do so and the defendant saved his exceptions to the ruling of the court. On the other hand the court instructed the jury that if it found for the plaintiff it should find for him in whatever sum he had proved to the satisfaction of the jury that he had been damaged. This instruction was wrong and the jury should have been instructed on the measure of damages in accordance with the rule laid down in *Matlock* v. *Reppy, supra.*

Counsel for the defendant also asked the court to instruct the jury that the plaintiff was not entitled to recover damages by reason of the alleged failure of the defendant to clear plaintiff's land or for its alleged failure to build a house for plaintiff. The court refused to give this instruction and this was also error. As we have already seen the plaintiff's measure of damages was the difference between the price which he paid for the land and its real value in its true condition at the time of the sale.

For errors indicated in the opinion, the judgment will be reversed and the cause remanded for a new trial.