## Cecil's Executors and Trustees v. Embry.

(Decided March 28, 1919.)

### Appeal from Boyle Circuit Court.

Wills—Allowance to Contestants.—Contestants of a will are not entitled to an allowance out of the income of the estate, to enable them to prepare their contest, even though under the will they are entitled to support out of the income, and would be entitled to whole estate if the will is rejected.

CHARLES C. FOX, HENRY JACKSON, BAGBY & HUGUELY, C. H. RODES & SON, C. D. MINOR, L. L. WALKER and SAMUEL M. WILSON for appellants.

EDWARD C. O'REAR, FRANKLIN & TALBOTT, J. W. RAWL-INGS and A. S. MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Granville Cecil died in 1915, leaving a will by which he disposed of an estate worth considerably more than $200,000.00, the title to all of which he vested in his brother and another as trustees during the lives of his children and until his youngest grandchild becomes 21 years of age, when the property is to be divided among the descendants of his children. The trustees are charged with the entire management of the estate and out of the income therefrom are to pay to each of testator's three children "annually or half-yearly such sum or sums as they (the trustees) deem proper for the support of each."

The three children in this action are contesting the will upon the grounds of mental incapacity and undue influence, a judgment rendered in their favor in the circuit court having been reversed upon appeal to this court in an opinion reported in 176 Ky. 198, where a copy of the will and a more detailed statement of the facts may be found. After the return of the case to the circuit court, upon motion of the two daughters, their allowances for support were increased to $4,200.00 annually, to correspond with the amount allowed by the trustees to the son, from which order there is no appeal, and upon motion of all three of testator's children, the trustees were ordered to pay to them out of the income the sum of $1,500.00 to enable them to prepare for the trial of their contest of the will.

That the contestants of a will should be allowed in advance by the trial court, a lump sum out of the estate to enable them to make the contest, is truly a novel proposition, and we are cited to no authority of any kind in support thereof. Upon the other hand this court, in Carter's Admr. v. Carter, 12 S. W. 385, refused to approve such an allowance to an unsuccessful contestant, and in Taylor, &c. v. Minor, &c., 90 Ky. 544, denied to a successful contestant expenses other than the costs which ordinarily follow a judgment. From which it appears, as seems only reasonable, that a contestant of a will must take the chances of losing his costs and expenses if unsuccessful, and if successful can recover costs exactly and only as any other litigant. This being true, an allowance in advance when it can not be known how the contest will terminate or with any degree of certainty how or for what the money will be expended, certainly can not be justified upon any theory of ''costs'' in the ordinary sense.

But, argue learned counsel, if contestants win, the whole estate is theirs, and even if they should lose, under the will and by the same authority as they were allowed $4,200.00 each per year out of the income for ordinary necessary living expenses, they are entitled in addition as a necessary part of the support to which they are entitled, a sum sufficient to enable them to defend what they upon reasonable grounds believe to be their property rights, so that whatever the outcome of this action or in whatever light the situation is viewed, the allowance is justified as a proper exercise of the judicial authority.

Considering the proposition only upon the hypothesis that contestants may be unsuccessful, and not denying the possible soundness as a general rule, that the chancellor, but hardly the court trying a common law action, might, under many circumstances, upon proper application, require trustees to pay to those entitled to support out of the trust funds, as part of a reasonable support, a sum needed to assert or defend property rights or what reasonably seemed to be such, we are nevertheless firmly convinced such a principle would be wholly inapplicable where, as here, the purpose for which the funds are desired, is for an attack upon the very existence of the trust itself, under which the allowance is claimed; because, among other reasons, as said in Carter's Admr. v. Carter, *supra,* "if others than those to whom the testator has confided the control of his estate or the law has imposed the duty of probating the will, are allowed to contest the validity of last wills and testaments at the expense of the estate, cases would often arise that are now unheard of," and litigation would be wonderfully encouraged.

Although counsel attempt to show exceptional circumstances justifying the allowance here, these circumstances are but their reasons for believing their contest should succeed and afford no better ground for the allowance than could be urged in every will contest by those entitled to make it; and to sustain the contention here would establish a rule that would be applicable either to all such cases or to only such cases as the chancellor in his judgment thought ought to succeed, when the authority for determining this question is lodged with a jury on a common law trial, either of which consequences would be a perversion of both the letter and spirit of the law that requires all litigants to take their chances on the outcome and leaves them to their own resources and judgment to finance or refrain from litigation.

Wherefore, the judgment is reversed and the cause remanded with directions to set aside the order complained of and for proceedings consistent herewith.