SULLENBERGER *v.* O'LEE.

4-7831                              192 S. W. 2d 543

Opinion delivered February 25, 1946.

L. B. Smead, for appellant.

Francis W. Wilson and J. Bruce Streett, for appellee.

Holt, J. Appellee, Mrs. Tommie O'Lee, sued appellants, Ed Sullenberger and wife, to cancel a contract of sale and to rescind a subsequent deed to a house and lot in Camden, Arkansas, for return of the purchase price with interest from date of payment, and for alleged damages growing out of the transaction. She alleged in her complaint that she bought the property (describing it) for a cash consideration of $10,000; that in the contract of purchase and deed of conveyance, the property was erroneously described and failed to convey all the property which she purchased, and that this erroneous description was the result of "a mutual mistake of the parties or as a result of a mistake of plaintiff (appellee) induced by fraud and misrepresentation of the defendants (appellants), Sullenbergers." She further alleged that she had mortgaged the property to the First Federal Savings & Loan Association for $5,000, to secure part of the purchase money.

Appellants answered with a general denial. The Loan Association entered its appearance and adopted appellee's complaint.

Upon a trial, the court found "that the defendants (appellants), Ed Sullenberger and Ida Elizabeth Sullenberger, sold and the plaintiff (appellee), Mrs. Tommie O'Lee, bought what is known as the Sullenberger home place on Monroe Street in the city of Camden, Arkansas; that the boundaries of said home and the lot upon which it is located are clearly defined by established hedge row, sidewalk, driveway, and other boundary line marks, and that the legal description of the property included within these clearly defined boundaries is correctly set out in the complaint; that the property to which the defendants, Sullenberger, executed and delivered a deed to the plaintiff, Mrs. Tommie O'Lee, fails to convey the land which

the court finds these parties sold and bought; that the deed fails to describe approximately six and one-half feet off the north side of said lot as described in the complaint; that the defendants, Ed Sullenberger and Ida Elizabeth Sullenberger, have never owned any portion of lot 300, and all that part of said lot east of lot 301 is owned by the St. Louis Southwestern Railway Company and Berryman Henwood, trustee; that lot 301 extends from Monroe Street east only 110 feet; that the Sullenbergers could not convey title to approximately forty feet of the east part of the lot described in the complaint and that the distance from the rear of the house to the east end of lot 301, which is the west side of the railroad company's property, is only 22 feet.

"That the plaintiff, Mrs. Tommie O'Lee, is entitled to recision as against the defendants, Ed Sullenberger and Ida Elizabeth Sullenberger, because there has been a substantial failure of title and consideration from said defendants to the plaintiff; that plaintiff is entitled to a judgment against the defendants, Ed Sullenberger and Ida Elizabeth Sullenberger, and each of them, for ten thousand dollars, the purchase price paid by plaintiff, together with interest at six per cent. per annum from November 15, 1944, until paid and all costs of this action, and that said judgment should be fixed as a lien upon all of the right, title and interest of Ed Sullenberger and Ida Elizazbeth Sullenberger in and to the property described in the complaint; that the plaintiff, Mrs. Tommie O'Lee, is indebted to the First Federal Savings & Loan Association under a note secured by mortgage on the property involved and that the loan association should be subrogated to the extent of its debt under this judgment."

The court further found that appellee was not entitled to damages.

From a decree in accordance with these findings, this appeal is prosecuted.

There appears to be little, if any, dispute as to the material facts presented.

Mrs. O'Lee came from Knoxville, Tennessee, to Camden to purchase property suitable for a rooming house. Appellants showed her the property in question, which was known as the "Sullenberger Home Place" on Monroe Street. She at once became interested, and after appellants had pointed out to her the clearly defined boundaries of the property which included a three car garage and other valuable improvements, appellee agreed to purchase, a contract of sale was entered into by the parties and shortly thereafter, appellee paid the purchase price of $10,000 in cash and received a deed from appellants. A few days after the execution of the deed, appellants caused a survey to be made of the property by which it developed that they had conveyed substantially more property than they owned. The boundary lines, which appellants had.pointed out to appellee as inclosing the property which they claimed to own, extended approximately 40 feet east of lot 301 owned by appellants, on to lot 300 owned by the St. Louis Southwestern Railway Company. The contract and deed described lot 301, which appellants owned, as extending in depth from Monroe Street east a distance of 124¼ feet, when as a matter of fact appellants' lot 301 extended from Monroe Street east a distance of only 110 feet. The deed, therefore, included 14¼ feet which appellants did not, and do not now, own and could not convey. The width of lot 301 as described in the deed appeared also to be short approximately 6½ feet. The garage and other improvements were on property which appellants did not own and could not convey.

Appellants' excuse for the erroneous description and conveyance was that they did not know where the boundary lines were.

In these circumstances, the law appears to be well settled. There were three remedies open to appellee, any one of which she might pursue. (1) .. . . "Rescind the contract and by returning or offering to return the property purchased within a reasonable time entitle himself to recover whatever he had paid upon the contract." (2) . . . "retain the property and sue for the dam-

ages . . . sustained by reason of the false and fraudulent representations, and in this event the measure of his damages would be the difference between the real value of the property in its true condition and the price at which he purchased it.'' (3) Lastly, to avoid circuity of action and a multiplicity of suits, . . . plead such damages in an action for the purchase money and is entitled to have the same recouped from the price he agreed to pay. *Matlock* v. *Reppy,* 47 Ark. 148, 14 S. W. 546; *Ft. Smith Lumber Co.* v. *Baker,* 123 Ark. 275, 185 S. W. 277; *Danielson et al.* v. *Skidmore et al.,* 125 Ark. 572, 189 S. W. 57. See, also, the more recent case of *First National Bank of Wynne* v. *Coffin,* 184 Ark. 396, 42 S. W. 2d 402, which is directly in point.

In the present case, appellee adopted the first remedy, *supra,* and brought suit to rescind. The only issue presented is whether the findings of fact made by the trial court are sustained by the evidence. The rule is well settled that findings of fact made by the court will not be disturbed on appeal unless against the preponderance of the testimony. Tested by this rule, we think the findings of the lower court amply supported by the evidence and should be upheld. Most, if not all, of the testimony shows that appellee was led by appellants to believe that she was buying the ''Sullenberger Home Place'' on Monroe Street, located upon property, the boundaries of which were clearly defined by an established hedge row, sidewalk, driveway, and other definite boundary line marks. Appellants attempted to convey more property than they owned either mistakenly or intentionally, and as a result the value of the property was materially and substantially less than that which appellants attempted to convey and which appellee was led to believe she was buying.

Appellants rely for reversal upon the case of *Hervey* v. *College of the Ozarks,* 196 Ark. 481, 118 S. W. 2d 576. That case is clearly distinguishable on facts. There, a suit was instituted to reform a deed to include additional property which the grantor owned and by mistake had failed to describe and include in the deed.

Having reached the conclusion that the findings of the trial court are not contrary to the preponderance of the testimony, the decree is accordingly affirmed.