Stanley HEGG *v.* Markel E. DICKENS
and wife, Neda Faye DICKENS, and the FIRST
NATIONAL BANK OF CONWAY, Arkansas

CA 80-195                                    606 S.W. 2d 106
Court of Appeals of Arkansas
Opinion delivered October 8, 1980

642

*Highsmith, Greg, Hart & Farris*, for appellant.

*Brazil & Roberts*, for appellee.

James H. Pilkinton, Judge. Appellees, Markel Dickens and Neda Faye Dickens, his wife, owned and operated a business known as "Hickory House Motel and Cafe" in Greenbrier, Arkansas. The property consists of a cafe, motel, and adjacent residence and space for a trailer park.

In January, 1979, the appellant, Stanley Hegg, who lived in California, entered into negotiations with appellees to purchase the property. After at least two inspections of the premises, a contract was entered into whereby appellant agreed to purchase the property at a price of $87,500. Mr Hegg paid $25,000 down to Mr. & Mrs. Dickens and executed a note and a first mortgage to the First National Bank of Conway, Arkansas, for $36,500, and gave a note and second mortgage to the sellers for $26,000, representing the remainder due on the purchase price. Mr. Hegg made no payments on the note to the appellees and they brought an action for foreclosure. The First National Bank of Conway was made a party, and filed an answer and cross-complaint against Hegg.

Appellant filed an answer and cross-complaint alleging that appellees made certain false and fraudulent representations which induced them to purchase the premises. Appellant asked that the contract, notes and mortgages be cancelled and also prayed for damages allegedly sustained by reason of said false representations.

The chancellor found that there was no actual or constructive fraud in the procurement of the sale and dismissed the cross-complaint for want of equity. The appellant brings this appeal from that decision.

The record shows that appellant had an advisor, Mr. Eugene Ramsey, on whom he relied. Mr. Ramsey is a real estate broker in Arkansas with offices in Pleasant Plains. This advisor went with Mr. Hegg and advised him throughout the negotiations.

The evidence is clear that appellees ran an advertisement in an effort to sell the motel and cafe, which read as follows:

MOTEL & RESTAURANT – On U. S. highway, in fast growing community, 37 miles to Little Rock. Owner states $46,000 NET INCOME last year! 10 motel units, office. Equipt 40 x 60 cafe building seats 57, private party and club room. 2 mobile home hookups. Owner's

separate 2-bedroom quarters. One of the best at $105,-000, 29% down, owner financing. No. 3197 — Conway, Ark.

Mr. Hegg testified that he relied to a considerable degree on the representation made in the ad that appellees realized a net income of $46,000 for the preceding year from the operation of the cafe and motel. When appellee Markel Dickens testified, he admitted that the figure given was a gross figure as distinguished from net earnings. He also stated that he did not know what he made from the business for the year preceding the advertisement. Mr. Eugene Ramsey, the real estate broker who advised Mr. Hegg in the negotiations, testified that based on appellees' representation of net income, as contained in the ad and also as conveyed to him by the real estate agent representing the sellers, he advised appellant that the net income from the property justified the investment contemplated.

While appellant was experienced in other lines of business, he had not previously engaged in the operation of a motel or cafe. He lost money in the operation of the business in 1979. There was some evidence by appellees to the effect that appellant did not operate the business efficiently.

It is well settled that false representation by the seller as to present or best income of the property sold or conveyed will, if relied upon by the purchaser, constitute actionable fraud. *Kotz* v. *Rush*, 218 Ark. 692, 238 S.W. 2d 634 (1951), and cases cited. The record in this case clearly establishes a false representation by appellees in seeking to dispose of the property in question as to net income. Under the circumstances here, this representation is regarded as a statement of fact upon which fraud may be predicated if it is false, since this is a matter within the owner's own knowledge. While Mr. Hegg relied upon Mr. Ramsey for guidance in the matter, the evidence is clear that Mr. Ramsey relied upon the false representation as to income in advising appellant to purchase the property.

The remedies of a purchaser in cases of this kind are set forth in *Danielson, et al* v. *Skidmore, et al*, 125 Ark. 572, 189

S.W. 57, and have been quoted with approval in later cases:

> He may rescind the contract and by returning or offering to return the property purchased within a reasonable time entitle himself to recover whatever he had paid upon the contract. Again he may elect to retain the property and sue for damages he has sustained by reason of the false and fraudulent representations, and in this event the measure of his damages would be the difference between the real value of the property in its true condition and the price at which he purchased it. Lastly to avoid circuity of action and a multiplicity of suits, he may plead such damages in an action for the purchase money and is entitled to have the same recouped from the price he agreed to pay. *Matlock* v. *Reppy*, 47 Ark. 148, 14 S.W. 546; *Ft. Smith Lumber Co.* v. *Baker*, 123 Ark. 275, 185 S.W. 277.

Appellant in this case sued both to rescind the contract and for damages. He was not required to elect his remedy, and some evidence was taken at the trial below on both issues. The main issue on appeal is whether the chancellor's findings are clearly against the preponderance of the evidence. Rule 52, Arkansas Rules of Civil Procedure. We think that appellees willfully misrepresented their net income from the property; that Mr. Dickens was less than candid when an effort was made to ascertain the truth or falsity of such representation, which was within the peculiar knowledge of appellees; and that appellant relied on such false representation to his damage. The decision of the chancellor to dismiss the cross action was clearly against the preponderance of the evidence.

Appellees argue that the appellant did not plead misrepresentation of income from the property as a ground for relief in his complaint. That is true. However, there was a great deal of testimony taken at the trial concerning this issue. When appellees objected to its introduction, the court repeatedly overruled the objection and admitted the evidence. Appellees did not claim surprise or move for a continuance. The trial court thus considered the pleadings amended to conform to the proof, which was the proper thing

to do under these circumstances. Rule 15, Arkansas Rules of Civil Procedure.

The record before us indicates that it would not now be possible, due to the passage of time and other factors, for the properties involved to be restored to the sellers in the same condition they were at the time of the transaction. Under these circumstances, appellant is entitled to such damages as he may have sustained by reason of the false and fraudulent representation. *Kotz* v. *Rush, supra.* The present record is not complete on the question of damages, and it is not possible for this court on the record now before us to ascertain the amount to which appellant is entitled. Therefore, this case must be reversed and remanded to the trial court with instructions to determine the amount of damages appellant has sustained; and to modify the decree by rendering judgment on the cross action accordingly. The measure of his damages will be the difference between the real value of the property in its true condition at the time of the transaction and the price for which he purchased it. *Kotz* v. *Rush, supra.*

Reversed and remanded.