Caldwell v. Young & Morgan.

## J. C. CALDWELL AND OTHERS V. YOUNG & MORGAN.

In a suit against a guardian to charge the estate of his ward, for services rendered as attornies at law, the petition must allege that the employment of the plaintiff was a reasonable and proper expense incurred by the guardian, and on the trial prove it, as the guardian would have to do, if he paid it, and sought to have it allowed.

That the employment is a reasonable and proper expense is not determined by the test of success or failure ; the true test is, whether a prudent man, under all the circumstances as they existed at the time, would judge it proper and necessary to make such employment for the interest of his ward.

Error from Red River. Tried below before Hon. W. S. Todd.

The record shows that the defendants below demurred to the petition, and that it was overruled. This ruling is assigned as error. There is no statement of facts.

*J. A. N. Murray,* for plaintiff in error.

*S. H. Morgan,* for defendants in error.

ROBERTS, J. So far as the judgment has been rendered against Martha L. Caldwell, as late widow of James H. Johnson, there can be no error, as the record is now presented.

Whether the judgment against her and her husband, as guardians of the minor heirs of James H. Johnson, deceased, is correct, requires some attention. The claim was duly authenticated and presented to the guardians, and by them rejected. In the suit, brought upon it for the purpose of reaching the property of the minors through their guardians, the petition does not allege that the employment of plaintiffs be-

Caldwell  v.  Young  &  Morgan.

low, as attornies, in the prosecution of the suit, was a reason-
able and proper expense incurred by the guardians.   And for
the want of such allegation we think there was no foundation,
for the recovery against them as guardians, so as to reach the
minors' estate.

The attornies, upon being retained and performing the ser-
vices, had their choice of two remedies.   They could hold
Martha C. Caldwell responsible individually, or they could
present their claim, as in this case, to the guardians, and if
rejected bring suit on it, by placing themselves, in respect to
the estate, in the place of the guardians.   For certainly if
their employment was such an expense, as that the County
Court would not be authorised to allow it to the guardians,
then they ought not to recover it from the guardians, so as to
reach the minors' property.   The Statute provides, that " it
'shall be the duty of the guardian of the estate of a minor to
take care of and manage such estate in such manner as a pru-
dent man would manage his own estate ; and all necessary and
reasonable expenses incurred by such guardian in the safe
keeping, preservation and management of his ward's estate,
and all necessary and reasonable expenses incurred by him in
collecting claims or debts due to his ward, or in recovering
property to which his ward has a title or claim, shall be al-
lowed to such guardian by the Chief Justice, on proper proof,
to be paid out of the estate of his ward." (Hart. Dig., Art.
1551.)   The next Article authorises the guardian " to sue and
defend for his ward, in all suits or actions necessary to be
prosecuted for or against him." (Id. Art. 1552.)

The allowance to the guardian is not to be determined by
the test, of whether the suit resulted favorably or unfavorably.
That would place the guardian in the attitude of an insurer to
the extent of such expense, which would often prevent suits
from being brought, which any prudent man in the manage-
ment of his own business would think it proper and necessary
to bring.   The true test is, would a prudent man, under all the

circumstances, as they existed at the time, judge it to be proper and necessary to bring and prosecute the suit to protect the interest of the minors, and would he judge it necessary and proper to make the employment of counsel to prosecute the suit. If so, then such employment would be a necessary and reasonable expense, which should be allowed to the guardian.

Neither by the Common Law or by Statute has the attorney, for any such employment, any direct remedy against the property of the ward, in a suit of this kind. But as it is equitable that the ward's property should be liable for an expense, which the guardian, in the proper discharge of his duty, has a right to incur, there is no inconsistency in our Courts, possessing a blended jurisdiction both of law and equity, in allowing a direct recourse upon the ward's property, on the part of the attorney, upon his averring and proving such facts as would compel the County Court to allow his claim to the guardian, if paid and presented for allowance, as an expense incurred by the guardian. (Portis v. Cole *et al.* Adm'rs, 11 Tex. R. 157 ; Lewis v. Jones, 11 Tex. R. 359.) Suppose this averment be not required, and a recovery be had, and the judgment be paid out of the effects of the ward ; upon a final settlement of the ward's estate by the guardian, will the ward be allowed to go behind this judgment, and show that the employment of the attorney was an unnecessary and improper expense, and make the guardian lose it, when the record shows that the guardian rejected the claim, and resisted its recovery; and that notwithstanding such resistance a judgment was obtained, in a Court of competent jurisdiction, against him, in his capacity as guardian ? It would hardly be held that such a judgment could be opened, without showing fraud on the part of the guardian. By this rule then the attorney, the employee of the guardian, would be placed on higher ground, in directly drawing this expense from the estate of the ward, than the guardian, who employed, could himself occupy in a

similar application. The ward would be the innocent sufferer if the expense should happen not to be proper and necessary. It may be said that the guardian should plead specially, and show proof that the employment was an unnecessary and unreasonable expense. That would be requiring him to plead his own wrong, if he did make the employment.

If a guardian were to find that he had imprudently, or from a worse motive, incurred expenses which he could not prove before the County Court to have been reasonable and necessary, (which the law requires he shall do, before it will be allowed him,) he can find an easy and safe shelter behind a judgment in the District Court rendered on such claim ; if the same proof be not required in both Courts to charge the ward's estate.

The law as earnestly seeks to protect such estates against the wiles and fraud of those who are entrusted with them, as of others.

There is nothing in the record to induce the supposition, that this is not a most meritorious claim, and can be fully established ; but it is of the utmost importance that no precedent be established which will diminish, in the least degree, that protection which the law intends to be given to the property of minors in every Court in the State.

The administrator of Johnson's estate, not being a party, the order, requiring the judgment to be paid out of his estate, was not correct, however conformable it might be to abstract equity. Judgment reversed and cause remanded.

Reversed and remanded.