JUDGE PRYOR
delivered the opinion oe the court.
John Gilbert died some years since, leaving a paper purporting to be his last will and testament, by which the appellee V. R. Bartlett was made his executor. The appellee, having possession of the paper, presented it to the County Court of Jefferson (where Gilbert resided at his death) for probate. The offer to probate was resisted by many if not all the heirs of the decedent, as well, as the beneficiaries of that instrument. Upon the hearing in the county court on the issue of devisavit vel non, it was adjudged that the paper presented for probate was not the last will of John Gilbert, and from that judgment an appeal was taken; but, so far as appears from this record, has never been disposed of. After the final adjudication of the case in the county court Bartlett, the appellee, applied to that court for an allowance, including compensation for his services and attorney’s fees alleged to have been incurred by him in his effort to probate the paper as the will of Gilbert.
The court, after giving notice of this motion by the appellee to the appellant, referred the case to a special commissioner, with directions to take proof as to the claims presented by the appellee in an itemized account of expenses, etc., amounting to ten thousand dollars. The commissioner, after hearing the proof, reduced the amount of the account to six thousand two hundred and eighty-five dollars, and this sum was allowed the appellee. The appellant excepted to all the proceedings had in the county court with reference to this allowance, and from the order making it prosecutes this appeal. The appellee, not satisfied with the sum awarded him, prosecutes a cross-appeal.
The appellant insists that the county court had no juris *53 diction to make this allowance; and if this legal proposition is maintained, it obviates the necessity of alluding to many of the objections made by counsel against the order allowing appellee’s claim.
Section 33 of article 4 of the present constitution of the state provides that “ the jurisdiction of the county court shall be regulated by law, and until changed shall be the same now vested in the county courts of the state.” The county courts prior to the adoption of the new constitution had jurisdiction of all cases respecting the probate of wills, letters of administration, mills, roads, the appointment of guardians, etc. The couxxty court of each county was also required by law to appoint three commissioners to settle the accounts of executors, administrators, etc. The law as it now exists vests the power in the county judge to settle such accounts, and he may appoint a standing commissioner to make such settlements. (1 Revised Statutes, pages 330-332.) Chapter 4, Code of Practice, provides “that in addition to the fiscal powers conferred by statute the county courts shall have jurisdiction — first, for the probate of wills, graxxting or revoking letters of administx-ation, etc.; second, for the settlement of the accounts of executors, administrators, curators, etc., according to the provisions of chapter 27, article 22, of the Revised Statutes, and the provisions of this Code.”
The county courts of this state are courts of limited jurisdiction, and derive all their power from some express statutory enactment; and in determining the question of jurisdiction we have been unable to find any law upon our statutes authorizing the exercise of such power as in this case is claimed to belong to the county coui't. The act establishing the County Court of Jefferson prescribes a different mode of settling the accounts of fiduciaries than that required by the general law of the state. This difference, however, does not affect the question of jurisdiction. In the Jefferson County Court three commis *54 sioners are appointed to make such settlements, any one of whom may make the settlement, and under the general law the county judge is the commissioner.
We can not concur in the position assumed by counsel for the appellant that the County Court of Jefferson had no power to settle the accounts of the appellee as the executor of the will of John Gilbert. It is true that he had never qualified as executor by giving bond as required by law; but he was nevertheless executor until that paper was pronounced invalid by the judgment of the county court. This judgment defeated his right to qualify as such, but did not deprive him of the right to a settlement of his accounts as executor created before the judgment of the county court against the validity of the will. Suppose the county court, instead of rejecting the paper as the will of Gilbert, had admitted it to record, and the appellee had qualified as executor, and upon an appeal to the circuit court the judgment of the county court admitting the will to probate had been reversed; why would not the appellee be entitled to a settlement of his accounts ais executor from the time of his qualification, and even from the death of the devisor, up to the time of the judgment in the circuit court? At common law the powers of an executor were derived from his appointment by the devisor, and not from the probate of the will. Almost any act belonging to such an office could be exercised by the executor before the probate, except to sue and defend. (Williams on Executors, page 257.)
The Revised Statutes (vol. 1, p. 497) provides “that the person nominated by a will as executor thereof shall not have power to act until he qualifies as such by taking an oath and giving bond in the court in which the will or an authenticated copy thereof is admitted to record; but he may provide for the burial of the testator, pay reasonable funeral expenses, and take care of and preserve the estate.” The power of the *55 person named as executor is merely restricted by this enactment, and its exercise limited to the payment of funeral expenses and the preservation of the estate.
If previous to the rejection of the will in the county court the person nominated as executor has incurred expenses in the preservation of the estate or in the payment of funeral expenses, he is entitled to a settlement of his accounts, to be had in the same manner as that of any other fiduciary. He had the right to create such accounts, and derived this power alone from being nominated in the will as executor. It would therefore be manifestly unjust to compel him to deliver up the estate and resort to a court of equity for a settlement of his accounts when by law it was made his duty to create them, even prior to any qualification as executor in the county court. The appellee, however* has asked for no settlement of his accounts but by mere motion in the county court is seeking to have an allowance made him for services rendered in his effort to probate the will and the fees of attorneys employed by him in the case, and now insists upon the power of that court to make these extraordinary allowances as incidental to the offering of the pretended will for probate. "We find no law authorizing such a proceeding or vesting the county court with such power. The appellee must present his claim, if any he has, in a settlement of his accounts as a fiduciary, or resort to a court of equity. The ordinary costs incurred in the effort to probate the will of the decedent should not be charged against the appellee. The paper purporting to be Gilbert’s will makes a devise to his executor of large sums of money, to be held and expended by him for certain persons therein named. Other trusts are also created by this paper, making it the duty of the executor to protect the interests of the beneficiaries therein named. This he could do in no other way than to offer the will for probate, and in such a case, where the executor acts in good faith, in order to probate the will, we see no reason why he *56 should be compelled to pay the costs, although the paper offered for probate is rejected.
There is nothing in the record showing that the appellee in offering the alleged will for probate acted in any other way than as required of him by law, and in discharge of the duty imposed upon him by the trusts created in that instrument, and therefore all the ordinary costs, such as necessarily pertain to such a proceeding (including appellee’s costs), must be paid out of the estate of Gilbert, and should be so treated by the county court.
The order of the county court making the allowance in controversy to the appellee is reversed for want of jurisdiction in that court to make it, and the cross-appeal of the appellee is dismissed.