### B. RENN AND OTHERS v. E. SAMOS AND OTHERS.

Heirs of a decedent sued under Article 1262, Paschal's Digest, to contest the validity of a propounded will. The defendants were the executors named in the asserted will, under which, also, they took beneficial interests. The plaintiffs obtained verdict and judgment invalidating the supposed will, but the court below adjudged that all costs be paid out of the decedent's estate, and also ordered that the fees of the defendants' attorneys be paid out of the estate. *Held*, that the suit is a personal action against the defendants, and not an action against them as representatives of the decedent's estate, and they had no right or authority to have their attorney's fees imposed upon the estate. And under Article 1483, Paschal's Digest, all the costs should have been adjudged against the defendants; wherefore the judgment below is here reformed and rendered.

ERROR from Anderson. Tried below before the Hon. John G. Scott.

The opinion states all facts now material.  The former appeal is fully reported in 33 Texas, 760.

*M. A. Long*, for the plaintiffs in error.

*T. J. Word*, for the defendants in error.

OGDEN, J.  This suit was originally instituted in the District Court of Cherokee county, by the heirs of Casper Renn, deceased, against certain parties therein named, for the purpose of setting aside a certain instrument of writing which the defendants had procured to be probated as the last will and testament of the said Casper Renn, and to recover certain property alleged to be in their possession.  The grounds alleged for setting aside the pretended will were the fraudulent acts of the defendants in the pretended execution of the instrument, and in procuring it probated as the last will and testament of the said Casper Renn, deceased.  This was a personal action against the defendants individually, and not as the representatives of the estate of C. Renn.  The suit, after several trials and a change of venue, finally reached a judgment, which was appealed to this court and here remanded to the District Court for another trial, and finally a verdict and judgment were rendered for the plaintiffs below.  But, for some reason not known to this court, a decree was entered up " that all costs which have " or may hereafter accrue in this cause, or in relation thereto, " be paid by the receiver of said estate, out of the assets of the " estate now in his hands ;" and it appears from the record and the argument filed herewith, that the court subsequently allowed fees in favor of the defendants' attorneys to the amount of one thousand five hundred dollars, and ordered the same to be paid out of the estate of Casper Renn.

This portion of the decree of the court, in awarding costs against the estate of C. Renn, and also in allowing defendants' attorneys' fees to be paid out of said estate, is manifestly erroneous.  Under the circumstances the defendants had no right or

16

authority to employ attorneys to represent their individual interests in this suit and charge their fee to the estate, as that was in no way interested in the termination of the suit; and however much we might be disposed to allow this charge upon the estate, yet we are of the opinion that the law leaves us no discretion in the matter. And, under the mandatory provisions of Article 1483, Paschal's Digest, we feel called upon to reverse the decree of the District Court in these particulars, and to reform the same, so as to give the plaintiffs below a judgment in conformity with the verdict of the jury and the law of the case, for all their costs in this behalf expended.

The clerk of this court will therefore enter up a judgment and decree in this court reversing the judgment of the District Court, and reforming the same in accordance with this opinion.