Delivered February 20, 1891.

---

JOHN MANNING, ADMINISTRATOR, ETC., v. ROBERT MAYES.

No. 2996.

**1. Costs Adjudged against Administrator in Partition Suit.**—By the second paragraph of article 2037, Revised Statutes, "expenses of administration and the expenses incurred in the preservation, safe keeping, and management of the estate" are declared to be claims of the second class and have priority as such. Defending a suit

brought for recovery of land, the property of the estate, against the administrator is a duty, and legitimate expenses in such defense are chargeable against the estate.

2.    **Judgment upon Claims against Estates.**—Article 2029, Revised Statutes, requiring judgments against administrators upon rejected claims against the estates represented by them to be filed with the clerk of the County Court within thirty days after the rendition, applies only to claims rejected by the administrator and subsequently established by suit.    The statute does not apply to a judgment in the District Court for costs against the administrator in a suit affecting the property of the estate.

APPEAL from Freestone.    Tried below before Hon. Rufus Hardy.
The opinion states the case.

*B. H. Gardner*, for appellant. — 1. For a claim to be of the second class it must be either an expense of administration or an expense incurred in the preservation, safe keeping, and management of the estate. Rev. Stats., art. 2037.

2.    Costs adjudged against an administrator who is a defendant in a case of trespass to try title is not an expense of administration nor an expense incurred in the safe keeping, preservation, and management of the estate.

3.    All judgments against administrators for costs in suits against them must be filed with the county clerk where the estate is pending within thirty days after the rendition of such judgments, and if not so filed they are barred.    Rev. Stats., arts. 2029, 2034.

No brief for appellee.

MARR, JUDGE.—By the judgment of the District Court of Freestone County, in the year 1889, in the original suit of the appellee, Robert Mayes, against the appellant, John Manning, administrator of the estate of T. G. Mayes, deceased, which was an action of trespass to try title and for partition, the costs of said suit, including one-half of the costs and expenses of the partition which was made under the decree of the court, were adjudged against said appellant as such administrator, to be certified down to the County Court and "paid in full in due course of administration."    The total amount of these costs as shown by the bill of costs is $77.33.    About four months after the above judgment was rendered it was filed, together with the bill of costs, in the County Court for allowance and classification.    That court on the 11th day of April, 1890, ordered the claim to be paid in full and classified it as a second class claim against said estate, which it also declared to be insolvent.

The appellant resisted in the County Court the classification of the claim as made in that court, insisting that it belonged to claims of the fourth class, and that it ought not to be allowed as of the second class, because the judgment of the District Court had not been filed in the County Court within thirty days from the date of its rendition, and because the same had not

been incurred in the preservation of the estate except the item arising out of the partition, etc. These are the only objections that need be noticed, as they are those only which appellant presents in his assignment of errors as contained in his brief. On appeal to the District Court, it rendered in effect a judgment similar to that of the County Court. From this last judgment of the District Court the present appeal is prosecuted.

We think that there was no error in the classification of the claim as made by both the District and County Courts.

By the second paragraph of article 2037 of the Revised Statutes "expenses of administration and the expenses incurred in *the preservation, safe keeping,* and *management of the estate*" are declared to be of the second class and have priority accordingly. The act of the administrator, as he was bound in duty to do, in defending the original suit between the parties to prevent the recovery of the land of the estate or to protect its interest therein, was clearly an act by him in "the preservation, safe keeping, and management of the estate." For the legitimate expenses so incurred he was entitled to a credit, if he had paid them. Rev. Stats., art. 2192; Williams v. Robinson, 56 Texas, 347; Callaghan v. Grenet, 66 Texas, 236.

As to the other question presented, we do not think that the claim was barred or lost its priority because the judgment was not presented in the County Court within thirty days after it was rendered. We are of opinion that the court below was correct in holding that article 2029 of the Revised Statutes was not applicable to the question. This article plainly by its very terms refers to such judgments as are contemplated in the preceding article (2028). They are judgments rendered against an estate of a decedent on claims rejected "either in whole or in part by the administrator" and upon which suit has been brought "within ninety days and culminated in a judgment against the estate." The view of the law we have expressed is further strengthened by article 2024, which allows the holder of an ordinary claim against the estate (which has been approved by the administrator) twelve months in which to present it in the County Court, and the failure to do that within that period does not completely bar but only postpones the payment of the claim. Thus it appears from what has been said that the holder of a rejected claim has ninety days in which to commence action against the administrator, and a holder of the other class has one year to file his claim in the County Court. It would be difficult, therefore, to believe that the Legislature intended that a claim allowed against the estate by a court of record should be outlawed, or even lose its priority, on account of a delay of thirty days.

We think that the judgment should be affirmed.

*Affirmed.*