(64 Misc. Rep. 294.)

### SENTER et al. v. PETHERAM et al.

(Supreme Court, Trial Term, Onondaga County. May, 1909.)

1. WILLS (§ 403*)—SUIT TO SET ASIDE PROBATE—COSTS—STATUTES—"ACTION."

An action under Code Civ. Proc. § 2653a, to set aside the probate of a will, is not an action within sections 3228, 3229, relating to costs, but is within section 3230, authorizing the court in its discretion to award costs to any party, and the court may award costs to any litigant, including the unsuccessful plaintiff.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 876; Dec. Dig. § 403.*

For other definitions, see Words and Phrases, vol. 1, p. 137; vol. 8, p. 7563.]

2. COSTS (§ 146*)—AMOUNT—DISCRETION OF COURT.

Where the amount of costs which the court may award is not specifically limited by statute, the amount may be any sum the court sees fit to give.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 568, 569; Dec. Dig. § 146.*]

3. COSTS (§ 146*)—AMOUNT—STATUTES.

The "costs" the court may award under Code Civ. Proc. § 3230, as amended in 1900 (Laws 1900, p. 402, c. 181), authorizing the court in its discretion to award costs not "exceeding the total amount authorized by statute," are the regular taxable costs allowed in ordinary actions and the extra allowance not exceeding $2,000 as authorized by sections 3253, 3254.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 568; Dec. Dig. § 146.*

For other definitions, see Words and Phrases, vol. 2, pp. 1633–1640; vol. 8, p. 7620.]

4. WILLS (§ 415*)—CONTESTS—COSTS IN FAVOR OF EXECUTOR.

As an executor must defend an action to set aside the probate of the will, his necessary expenses in employing counsel must be paid out of the estate and allowed on an accounting, whether the court, in the action to set aside the will, makes any allowance in the judgment or not.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 894; Dec. Dig. § 415.*]

5. WILLS (§ 408*)—ACTION TO SET ASIDE PROBATE—COSTS.

The court, in an action to set aside the probate of a will, will only allow the executor the ordinary taxable costs and disbursements in an ordinary action and leave the allowance of counsel's fees to the accounting.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 886; Dec. Dig. § 408.*]

6. WILLS (§ 414*)—ACTION TO SET ASIDE PROBATE—COSTS.

Where, in a suit to set aside the probate of a will, the legatees entitled to specific legacies amounting to less than a fourth of the estate were the real defendants and the other beneficiaries joined plaintiff, and the attorney of the legatees successfully defended the action, and a reasonable

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fee for his services was $2,000, the court would not make allowance for the attorney of plaintiff, though the action was prosecuted in good faith, but would allow the attorney of the legatees $2,000, and each of the legatees, separately answering a separate regular bill of costs, and taxable disbursements, and plaintiff a like bill of costs.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 893; Dec. Dig. § 414.*]

Action by Delia A. Senter and others against Benjamin F. Petheram, executor of Ellen M. Dodge, deceased, and others, to set aside the probate of the will of the deceased. Allowance of taxable costs and additional costs.

William B. Fuller, for plaintiffs.

Frank E. Stone, for defendant Petheram.

George Barrow, for defendants Frank N. Wescott, Jennie B. Dawson, Skaneateles Library Association, and St. James Episcopal Church.

E. C. Miller, for defendant Flora Moody.

M. F. Dillon, for defendant Harrison Dodge.

Charles F. Hillganz, for defendant Homer J. Wheaton.

WHEELER, J. Attorneys for the various parties in this action apply to the court for an allowance of costs under the provisions of section 3230 of the Code of Civil Procedure, which provides that:

"Except as prescribed in the last two sections the court may, upon the rendition of final judgment, in its discretion, award costs to any party in such sum, not exceeding the total amount authorized by statute, as to the court may seem just."

This action was brought under the provisions of section 2653a of the Code of Civil Procedure, to set aside the probate of the will of Ellen M. Dodge, deceased, who left an estate of $100,000 and upwards. The jury by its verdict sustained the will.

It has been held in the recent case of Larkin v. McNamee, 109 App. Div. 884, 96 N. Y. Supp. 827, affirmed by the Court of Appeals in 188 N. Y. 558, 80 N. E. 1112, that an action brought under section 2653a is not an action falling within the provisions of section 3228 and section 3229 of the Code, but under the provisions of section 3230, and therefore the court has the power to award costs to any party to the litigation, even to an unsuccessful plaintiff in an action of this nature.

The most important question submitted for our determination is to what amount costs may be awarded. It is contended by counsel that the amount which may be awarded is unlimited, and is only governed by the sound discretion and judgment of the court. It is argued that sections 3253 and 3254, which limit the costs to be awarded to a sum not exceeding 5 per centum of the value of the subject-matter involved, and in no case exceeding $2,000 in the aggregate, have no application to a case such as is here presented, and that, where the amount of costs is not specifically limited by statute, the amount to be awarded may be any sum the court sees fit to give. Aikman v. Harsell, 31 Hun, 634–636, affirmed in 98 N. Y. 186.

The contention is undoubtedly correct where no limit is imposed by statute; but the question remains whether section 3230 does not in

fact limit the discretion of the court. Prior to the amendment of the section in 1900 (Laws 1900, p. 402, c. 181), no restriction as to the amount which might be given was contained in the section in question; but by the amendment of that year the costs were limited to a sum "not exceeding the total amount authorized by statute." It was, of course, the plain intent of the Legislature to put a restriction on the courts, and while it is not altogether plain just what statute or provisions were intended to be referred to, to guide the court, we nevertheless are of the opinion that the Legislature intended that the amount of costs to be awarded should not exceed the regular taxable costs allowed in ordinary actions, and the extra allowance possible, as prescribed in sections 3253 and 3254. To adopt any other view would be to render the amendment made without any force and effect whatever. Therefore we conclude that the allowances to be made in this case cannot exceed the regular taxable costs and the $2,000 by way of extra allowance, as therein permitted.

Such being the case, and we being of the opinion that a total allowance of $2,000 in this case is not only just and proper, it remains for us to determine to whom such allowance should be made, and how it should be distributed. After a careful consideration of the matter, we have reached the conclusion that this sum of $2,000 should be allowed to and distributed among the following defendants, to wit: The St. James Episcopal Church of Skaneateles, the Skaneateles Library Association, Rev. Frank N. Wescott, and Jennie B. Dawson, to each of whom was given by the will a bequest of $5,000, and to Mrs. Flora Moody, to whom was left a legacy of $2,500, and to Harrison Dodge, to whom was given a legacy of $1,000, making $23,500 in all of specific legacies, carved out of an estate of over $100,000. By the will the balance of said estate, amounting to upwards of $75,000, was left to the nephews and nieces of the testatrix, who, in fact (if not in form), joined in the effort to set aside the will. It will thus be seen that the legatees above named, whose legacies amounted to said sum of $23,500, were the real defendants and the persons particularly concerned in the outcome of this litigation, and are the only ones who would be really and substantially benefited by an allowance under the provisions of section 3230.

The executor of the will was made a party defendant. It was his duty as such to defend this action and to use his best efforts to sustain the will. His necessary and reasonable expense in retaining and employing counsel in this litigation is a legitimate expense to be paid from and out of the estate he administers, and is allowable as such upon an accounting. These must be paid by him out of the estate in his hands whether this court makes him any allowance of costs or not in the judgment to be entered as the result of the trial recently had. Jenny v. Lacy, 45 App. Div. 630, 60 N. Y. Supp. 1033. We therefore see no occasion for making the executor any allowance beyond the usual and ordinary taxable costs and disbursements in an ordinary action.

The attorney for the plaintiff asks the court to make the plaintiff an allowance of $2,500. The court has the power to make an allowance to a defeated plaintiff in an action to set aside the probate of a will,

as has been held in the case of Larkin v. McNamee, 109 App. Div. 884, 96 N. Y. Supp. 827. We think the amount asked, considering the services rendered by the plaintiff's attorney, not unreasonable when we take into consideration the time and labor expended by him. While we think the verdict was right, the action was not brought without reasonable expectation of success. It was prosecuted in absolute good faith, and with great ability and thoroughness by plaintiff's attorney and counsel, and we have no hesitation in saying the value of the services of plaintiff's attorney are, in our opinion, in excess of any allowance he has asked. Nevertheless, to award an allowance to him out of the estate would deprive the attorneys for the successful legatees of the allowance we are authorized to make to them. The plaintiff's attorney has the right to look to his clients for reasonable compensation for his services, and it will be their duty to pay him for them; and, as an allowance to him out of the estate would ultimately be paid by his clients' money, we think, under the circumstances, we should deny his application.

These considerations, therefore, leave the $2,000 allowance which we are authorized to make to be distributed among the legatees first named. We think they are fairly entitled to it. The case has been an unusually protracted one. The estate is $100,000 and upwards. During the pendency of the litigation incident to the will, it has increased in value to nearly $125,000. The litigation incident to the contest before the surrogate deprived these legatees of the income therefrom for a period, so that within the time the interest on their legacies has reached a considerable sum which increased the amount and value of the estate of the contestants. The trial took 14 days. The preparation for the trial involved a large amount of labor on the part of all, and we are of the opinion this court is in no way abusing its discretion in awarding to these legatees, in addition to the regular taxable costs, an allowance of $2,000, to be distributed among them. It is difficult for the court to determine how this distribution should be made. We have, however, taken into consideration, in arriving at the decision, the amount of legacy at stake, the time devoted by each counsel to the case from start to finish, and, with these things in view, make the following directions as to costs and allowances, to wit:

Let each of the defendants in this action separately answering the plaintiff's complaint tax and recover, to be paid out of the estate, a separate regular bill of costs, including taxable disbursements. Let the plaintiff tax and recover, to be paid out of the estate, a like bill. An extra allowance of $2,000 is made, to be distributed as follows, to wit: $1,500 to the defendants Frank N. Wescott, Jennie B. Dawson, Skaneateles Library Association, and the rector, wardens, and vestry of St. James' Episcopal Church of Skaneateles, appearing by George Barrow, one-quarter to each; $400 to the defendant Flora Moody, appearing by her attorney, E. C. Miller; and $100 to Harrison Dodge, appearing by his attorney, M. F. Dillon.

Plaintiff's motion for a new trial on the minutes is denied.