**HUFF et al. v. HUFF et al.**

No. 1585.

Court of Civil Appeals of Texas. Eastland.

Oct. 9, 1936.

Rehearing Granted Oct. 30, 1936.

to this court. The decisions on such appeals may be found in Huff v. Huff, 52 S. W.(2d) 1092, and 72 S.W.(2d) 675.

M. M. Huff died intestate about the 25th of October, 1925. Surviving him were his wife, Mrs. T. C. Huff, five children, and one grandchild. At the death of M. M. Huff he and his wife owned a farm and ranch consisting of about 900 acres of land, some livestock, and personal property. At the death of M. M. Huff, by mutual agreement among the children, the mother was permitted to retain possession of all the property and to continue operation of the farm and ranch without any division of the property. On October 18, 1930, Mrs. T. C. Huff died, leaving a will in which she bequeathed and devised all of her property to J. H. Huff and two other children. By the terms of the will, J. H. Huff was appointed independent executor thereof. J. H. Huff offered the will for probate, and the probate thereof was contested by the two children and grandchild who received nothing under the terms of the will. The attempt to probate the will and the contest thereof resulted in a stubborn legal battle, covering a period of approximately three years, and resulting in the two former appeals to this court.

Upon the last trial of said cause in the district court, the following issues were submitted to the jury, and the jury answered same as hereinafter shown: (1) "Do you find from a preponderance of the evidence in this case that on August 3, 1926, at the time Mrs. T. C. Huff made and executed the purported will sought to be probated, she was of sound mind?" Which question the jury answered: "No." (2) "Do you find from a preponderance of the evidence in this case at the time the purported will sought to be probated was executed by Mrs. T. C. Huff she was induced to execute same by the proponents J. H. Huff, Mrs. R. H. Denny and George D. Huff, or either of them, in the exercise of undue influence upon her?" Which question the jury answered: "Yes."

Geo. E. Smith, of Comanche, for appellants.

Oscar Calloway, of Comanche, and Gib Callaway, of Brownwood, for appellees.

GRISSOM, Justice.

Cases in connection with the estate here involved have twice before been appealed

Whereupon the court entered its judgment denying the probate of the will, and adjudged the costs of such proceeding against the proponent of the will, J. H. Huff, from which judgment the said J. H. Huff appealed to this court, and upon such appeal the judgment of the district court was by this court affirmed, as shown

by the report thereof in 72 S.W.(2d) 675, and the costs of such appeal were adjudged against J. H. Huff.

At the time of the issuance of the mandate of this court, J. H. Huff had served as independent executor of said will for approximately 35 months. Thereafter he was appointed by the county court of Comanche county, temporary administrator of said estate, and as such he has continued to manage and control said estate until this time.

In the instant proceeding, J. H. Huff filed a report of his actions as temporary administrator, and in addition thereto presented his claim for services, expenses, etc., during the three years he served as executor of the estate, and he prayed for an order of the court approving and ordering him as temporary administrator, to pay the executor's commissions, allowance, or salary for services in operating the farm and ranch, expenses of trips to the ranch in the management of same, and the court costs and attorney's fees incurred in an effort to probate the will.

As we understand the record, the approval and payment of such claims is here contested by the appellants on the following grounds: (1) That the costs incurred in an effort to probate the alleged will of Mrs. Huff had been adjudged against appellee both in the district and appellate courts, and that he was bound thereby, and thereby prohibited from recovering such costs from the estate. (2) That the jury having found in answer to the second special issue, hereinbefore quoted, that Mrs. Huff was induced to execute the purported will "by the proponents, J. H. Huff, Mrs. R. H. Denny and George D. Huff, or either of them, in the exercise of undue influence upon her," and the district court having entered its judgment denying the probate of the will and said judgment having been affirmed by this court, and writ of error denied by the Supreme Court, that it had been thereby adjudicated that "said purported will was procured by the illegal and wrongful acts and conduct of the said J. H. Huff [and] is not an issue now before this court."

The trial was to the court, and the court entered its judgment approving the claims on behalf of the executor hereinbefore mentioned, and ordered same paid out of the estate, from which judgment the contestants have appealed to this court.

The questions to be decided are: (1) Whether one who, by the terms of a purported will, was appointed independent executor thereof, and who endeavors to probate such will and is defeated in such efforts, is thereby precluded from recovering from the estate the executor's commissions on receipts and disbursements, a proper allowance for his services in operating the properties of the estate and court costs and attorney's fees incurred in such unsuccessful effort; (2) if such executor would otherwise be entitled to such compensation, etc., was he precluded, as a matter of law, from such recovery by virtue of the finding of the jury with reference to undue influence and the judgment of the court; and (3) whether, the court costs incurred in the effort to probate such will having been adjudged against J. H. Huff, the proponent, he is thereby prohibited, as a matter of law, from having the same paid out of the estate. We think each of said questions must be answered: "No."

■ It should be noted that there was no affirmative finding that the proponent of the will, J. H. Huff, was guilty of undue influence. The finding was that J. H. Huff, Mrs. R. H. Denny, and George D. Huff, or some of them, exercised undue influence upon Mrs. Huff, procuring the execution of the will. The jury could have believed that J. H. Huff was absolutely guiltless in connection with the exercise of such influence, and that one or both of the other proponents was guilty of exercising such influence, and still have answered the question as they did. In support of the judgment rendered, if it is necessary to do so, we must presume that the trial court so interpreted the jury's answer to the second special issue, and found J. H. Huff blameless. Campbell v. Teeple (Tex.Civ.App.) 273 S.W. 304; Cobb v. Robertson, 99 Tex. 138, 86 S.W. 746, 87 S.W. 1148, 122 Am.St.Rep. 609.

■ In answering the questions necessary to a decision of this case, we call attention to the following authorities:

"The true test as to whether or not a representative has properly employed an attorney to bring an action in behalf of the estate is not found in proof as to whether the suit resulted favorably or unfavorably, but whether a prudent man, in the existing circumstances, would have judged it necessary and proper to employ counsel for the purpose. In other words,

the test is as to whether or not the expenditure was for the benefit of the estate or those ultimately entitled to it." 14 Tex. Jur. § 649, p. 471.

This rule is applicable to an independent executor. Callaghan v. Grenet, 66 Tex. 236, 237, 18 S.W. 507.

In connection with the allowance of an attorney's fee to a guardian under similar conditions, the Supreme Court of Texas, in an opinion by Judge Roberts, in the case of Caldwell v. Young & Morgan, 21 Tex. 800, 801, 802, said: "The allowance to the guardian is not to be determined by the test, of whether the suit resuited favorably or unfavorably. That would place the guardian in the attitude of an insurer to the extent of such expense, which would often prevent suits from being brought, which any prudent man in the management of his own business would think it proper and necessary to bring. The true test is, would a prudent man, under all the circumstances, as they existed at the time, judge it to be proper and necessary to bring and prosecute the suit to protect the interest of the minors, and would he judge it necessary and proper to make the employment of counsel to prosecute the suit. If so, then such employment would be a necessary and reasonable expense, which should be allowed to the guardian."

"Counsel Fees and Costs—1. General Rule: Subject to the general requirements of good faith and reasonable prudence, an executor or administrator is entitled to employ and pay an attorney for advice in reference to the management of an estate, the performance of legal services which the representative himself cannot perform, and the prosecution or defense of action or suits on behalf of or against the estate, and is entitled to credit in his account or indemnity from the estate for the reasonable charges of counsel and the costs and other expenses of litigation. It is not necessary to entitle the representative to this allowance that he should be successful in the litigation which he undertook, but he is entitled thereto regardless of whether he succeeds or fails, provided the litigation relates to property of, or claims in favor of or against, the estate, was undertaken and conducted in good faith * * *." 24 C.J. § 530, p. 97 et seq.

In disposing of the question of the recovery by J. H. Huff from the es-

tate of court costs adjudged against him in his unsuccessful effort to probate the will, we are not unmindful of the provisions of article 3696, R.S.1925. This article was given effect by this court and the district court in adjudging such costs against J. H. Huff; that is, as between the parties to that proceeding the costs were taxed against the party who failed to sustain the object thereof. But assuming, as we must in support of the judgment rendered, that the trial court found that his actions in attempting to probate the will were made in good faith, although primarily liable for the payment of such costs, he is entitled to have it finally paid by the estate. We think the quoted statement by Judge Roberts in Caldwell v. Young & Morgan, supra, is equally applicable here; that is, that if Huff acted in good faith he was not "an insurer to the extent of such expense," but was in the same position as if he had been successful in his efforts to probate the will. 24 C.J. § 552, p. 111.

"But the mere fact that an executor or administrator is beneficially interested in the estate is not sufficient to defeat his right to an allowance for expenses incurred in defending against claims asserted against the estate." 24 C.J. § 546, p. 107.

Also, see 24 C.J. § 531, p. 99; § 550, pp. 109, 110; § 536, p. 100 et seq.; and § 552, p. 111; § 519, p. 92; § 2985, p. 1208.

In McCannon v. McCannon (Tex.Civ. App.) 2 S.W.(2d) 942, 956 (writ of error dismissed), on motion for rehearing, the court said:

"We now hold that, if it should be found by the trial court that appellant acted in good faith in offering the will for probate, her prayer for attorney's fees and costs should be granted, even though the probate of the will is refused.

"Sound reasoning, we think, would dictate that an executor who in good faith has employed counsel in an effort to have the will probated should not be deprived of his right to charge the counsel fees upon the estate. It was the duty of the executor to see that the will was offered for probate. In support of the conclusion now reached by us, we cite the authorities cited by appellant in support of her contention, together with the statements made by her as to the holdings of cases cited, as follows:

"40 Cyc. 1362; Henderson v. Simmons, 33 Ala. 291, 70 Am.Dec. 590; Raines v. Raines' Ex'rs, 51 Ala. 237; Alexander v. Bates, 127 Ala. 328, 28 So. 415 (will sustained); Gilbert v. Bartlett, 9 Bush (Ky.) 49; Phillips' Ex'r v. Phillips' Adm'r, 81 Ky. 328; Taylor v. Minor, 90 Ky. 544, 14 S.W. 544 (obiter); Baldwin's Ex'r v. Barber's Ex'rs, 148 Ky. 370, 146 S.W. 1124; McMillen's Ex'rs v. McElroy, 186 Ky. 644, 217 S.W. 927; In re Hentges' Estate, 86 Neb. 75, 124 N.W. 929, 26 L.R.A.(N.S.) 757; Day v. Day, 3 N.J.Eq. 549 (will denied probate); Boylan v. Meeker, 15 N. J.Eq. 310 (will denied probate); Senter v. Petheram, 64 Misc. 294, 118 N.Y.S. 347 (will sustained); Bennet v. Bradford, 1 Cold. (Tenn.) 471 (will sustained); Bowden v. Higgs, 9 Lea (Tenn.) 343 (will defeated); Lassiter v. Travis, 98 Tenn. [330] 331, 39 S.W. 226 (will defeated); Davison v. Sibley, 140 Ga. 707, 79 S.E. 855 (will denied probate).

" 'We call attention to the case of Lassiter v. Travis, 98 Tenn. 330, 39 S.W. 226, supra, where the court holds that good faith, rather than pecuniary interests, on the part of the acting executor is a controlling question, and further holds that the fact that the executrix was a large beneficiary under the will does not defeat her right to attorneys' fees; the court saying:

" ' "Being named as executrix in what seemed to be a valid will, it was the legal duty of Mrs. Lassiter to produce the instrument, if in her possession; and, after having done that, there rested upon her the further legal duty of having the supposed will probated, or of renouncing the executorship (Pritchard on Wills & Adm'n, § 30); and these duties were in no way affected by the fact that the will benefited her alone, in the sense that it gave her more and her sister less of their mother's estate than they would receive, respectively, in the absence of the will and as heirs at law. Pecuniary interest under a will is no disqualification for the office of executor, nor does it diminish or enlarge the duties of the person nominated to fill the office. * * *"

" 'In Butler v. Jennings, 8 Rich.Eq. 87, the executor was allowed attorneys' fees where the will was set aside for mental incompetency.' "

Also, see Gammage v. Rather, 46 Tex. 105; Rowe v. Dyess (Tex.Com.App.) 213 S.W. 234; Ackermann v. Ackermann (Tex.Civ.App.) 99 S.W. 889 (writ ref.); Manning v. Mayes, 79 Tex. 653, 15 S.W. 638; Pendleton v. Hare (Tex.Com.App.) 231 S.W. 334; articles 3691, and 3689, R. S.1925; Jarvis v. Drew (Tex.Civ.App.) 215 S.W. 970; 3 Tex.Jur. § 763, p. 1087.

The case of Renn v. Samos, 37 Tex. 240, is not in conflict with the present decision. In that case the Supreme Court held that the allowance to the executor's attorney was to be denied because the suit was one against the executor individually, and not in his representative capacity.

Appellants' assignments of error are overruled, and the judgment of the district court is affirmed.

### On Rehearing.

We are convinced that we were in error in overruling appellants' assignment of error reading as follows: "The court erred in allowing the said J. H. Huff the following item: 'Executor's commission, 5%— $159.46', on the $1892.42 item listed as money paid out from October, 1930, to August 30, 1933; in that the uncontroverted evidence showed the said Huff during said time acted without authority, and the same was not incurred in course of any administration; which items appear in said report filed December 6, 1934, in the county court."

█ Reasonable attorney's fees, etc. (incurred in an effort to probate a will), are allowed to a person appointed as executor in a will, provided he has acted in good faith and as a reasonably prudent person would in the management of his business, regardless of whether he succeeds or fails. But only such expenses are allowed as are reasonable and proper under the circumstances; the determination of what is a reasonable amount being for the court or jury.

█ The arbitrary commission of 5 per cent. on receipts and disbursements was not allowed as a reasonable expense properly incurred by the supposed executor for the benefit of the estate. The recovery of commissions was evidently allowed because fixed by statute as the per cent. of receipts and disbursements the executor is to receive as a fee incident to the office of executor. Not being a lawful executor, he was not entitled to such statutory executor's commission. Said assignment is sustained. The judgment will be re-

formed so as to deny J. H. Huff recovery of executor's commissions.

The motion for rehearing to the extent indicated is granted, otherwise overruled, and our former opinion is so modified.